MRS. RUBY W. PETTY, WIDOW; EDGAR PETTY, DECEASED EMPLOYEE v. ASSOCIATED TRANSPORT, INC., SELF-INSURER

No. 6915IC153

(Filed 30 April 1969)

1. **Master and Servant § 96—    workmen's   compensation — review   in Court of Appeals**

    In an appeal to the Court of Appeals from a decision of the Industrial Commission, review is limited to the questions of whether there is competent evidence to support the findings of the Commission and whether such findings support the conclusions of law and decision of the Commission.

2. **Evidence § 50—    expert medical testimony**

    A medical expert may express his opinion as to the cause of the physical condition of a person if his opinion is based either upon facts within his personal knowledge or upon an assumed state of facts supported by evidence and recited in a hypothetical question.

3. **Master and Servant § 58—    workmen's   compensation — suicide following accident**

    In this action for benefits under the Workmen's Compensation Act for the death of an employee by suicide following an injury by accident arising out of and in the course of his employment, the competent evidence is sufficient to support findings by the Industrial Commission to the effect that deceased employee did not suffer any brain injury in the accident, that he knew the nature and extent of his surroundings, that the depression he experienced after the accident was a normal reaction to the accident and the length of time required for recovery, and that the death of deceased employee was occasioned by his wilful intention to kill himself, and the findings support the Commission's decision denying compensation. G.S. 97-12.

**4. Master and Servant § 93—　workmen's compensation — review before Full Commission**

　　The Industrial Commission has authority to strike findings of fact and conclusions of law of the hearing commissioner and to substitute its own findings and conclusions in place thereof.

APPEAL by plaintiff from opinion and award of Industrial Commission of 10 September 1968.

This proceedings originated before the North Carolina Industrial Commission pursuant to the Workmen's Compensation Act. Plaintiff, widow of deceased employee, Edgar Petty, filed claim for death benefits for the death of her husband. The matter was heard by Commissioner William F. Marshall, Jr., who denied the claim. Upon appeal, the Full Commission overruled plaintiff's exceptions, made a substituted finding of fact, entered a substitute conclusion of law and affirmed all other findings of fact, conclusions of law and denial of compensation, with Chairman Bean dissenting. Plaintiff appealed from the order entered by the Full Commission. It was stipulated that the parties are subject to and bound by the provisions of the Workmen's Compensation Act; that employer was a self-insurer; that on 13 February 1966 deceased employee was injured by accident arising out of and in the course of employment; that the parties entered into an agreement, properly approved by the Commission, under the terms of which employee received temporary total disability from 13 February 1966 until 2 July 1966 in the amount of $750; that in addition, defendant paid medical bills in the amount of $1369.05; that the date of the last compensation check was 7 July 1966; that deceased employee died of self-inflicted wounds on 8 July 1966; that although injury occurred in Maryland, employer's place of business is in North Carolina and the employment of employee was in North Carolina and was not for services exclusively outside of North Carolina; that no other compensation claim is on file or shall be filed in any other jurisdiction.

*W. R. Dalton, Jr., and John H. Vernon for plaintiff appellant.*

*Jordan, Wright, Nichols, Caffrey & Hill by Luke Wright for defendant appellee.*

MORRIS, J.

The deputy commissioner found the following facts:

"1.　The deceased employee was a Caucasian male, approximately fifty-seven years of age as of the date of the injury,

February 13, 1966. He was employed by the defendant employer as an over-the-road truck driver and regularly performed his duties since the date of his employment in 1954.

2. The deceased employee's average weekly wage was in an amount sufficient to entitle him to the maximum benefits under the North Carolina Workmen's Compensation Act, in that his average weekly wage was $150.00.

3. As stipulated, the deceased employee was injured by accident arising out of and in the course of his employment on February 13, 1966, (a fellow employee was actually driving the truck) while riding in the truck and a rock broke the window of the truck and struck the plaintiff on the right jaw, causing a fracture of the mandible with nonunion of symphysis.

4. The deceased employee was hospitalized at Prince George General Hospital at Cheverly, Maryland, on the date of the accident where Dr. Kavanaugh performed a multiple open' reduction and on February 15, 1966, Dr. Kavanaugh performed further surgery by way of a reduction of the fracture of the maxilla and application of arch bars. The deceased employee was discharged from the Maryland hospital on February 22, 1966, to his home in North Carolina where follow-up care was to be received. Accordingly, the plaintiff saw several doctors in the Burlington area and Dr. Peacock at the Memorial Hospital at Chapel Hill, North Carolina.

5. During one of the medical consultations it was discovered that there was an improper healing or nonunion of the fracture, which necessitated further surgery. The deceased employee was admitted to the North Carolina Memorial Hospital and underwent further surgery and he was discharged from the North Carolina Memorial Hospital on April 17, 1966, and from Dr. Peacock's services on or about June 15, 1966.

6. In the period following his release from the Chapel Hill Hospital, plaintiff experienced periods of depression and was seen in the Alamance County Health Clinic by a psychiatrist. All evidentiary medical records and all medical evidence points to the fact that plaintiff did not suffer any brain injury in the accident; that the deceased employee knew the nature and extent of his surroundings and that the depression experienced was the normal reaction to the nature and length of time of recovery for the accident and subsequent operation, all of which the undersigned finds as a fact.

7. As set forth above, the undersigned finds as a fact that there is no causal relationship between the self-inflicted injuries resulting in death on July 7, 1966, and the industrial injury sustained on February 13, 1966."

Based on the foregoing findings of fact, he made the following conclusion of law:

"1. There is no causal relationship shown connecting the admitted industrial accident of February 13, 1966, and the self-inflicted injuries resulting in death on July 7, 1966. *Painter v. Mead Corporation*, 258 N.C. 741."

On appeal, the Full Commission entered an opinion and award. The portions pertinent to this appeal follow:

"Counsel for plaintiff and counsel for defendant appeared before the Full Commission and ably argued their respective contentions. The Full Commission has reviewed all the competent evidence received in this case together with the Opinion and Award of Commissioner Marshall. It is the opinion of the Full Commission that the correct results were reached by Commissioner Marshall. However, the Full Commission is further of the opinion that the basis for the decision should rest on the provision contained in G.S. 97-12 concerning the willful intention of the employee to kill himself, rather than upon the basis of causal relationship.

THEREFORE, the Full Commission amends the Opinion and Award heretofore filed in this case as follows:

(1) Finding of Fact No. 7 as the same appears on page 5 of the Opinion and Award is hereby stricken out and there is substituted in lieu thereof the following: '7. The deceased employee shot himself to death with his own pistol on 13 February 1966, deceased having obtained such pistol on 12 February 1966 from a policeman to whom he had loaned it. The death of deceased employee was occasioned by his willful and premeditated intention to kill himself.'

(2) The conclusion of law as the same appears on page 5 of the Opinion and Award is hereby stricken out and there is substituted in lieu thereof the following: 'The death of the deceased employee was occasioned by the willful and premeditated intention of the employee to kill himself. The plaintiff is therefore not entitled to compensation. G.S. 97-12; cf. *Painter v. Mead Corporation*, 258 N.C. 741.'

The Full Commission is further of the opinion that the exceptions as filed by plaintiff are without substantial merit; that the findings of fact and conclusion of law of Commissioner Marshall, as above amended, are supported by the competent evidence and the applicable law; and that the correct results under the law and facts has been reached. THEREFORE, the Full Commission overrules the exceptions as filed by plaintiff and adopts as its own the Opinion and Award of Commissioner Marshall, as above amended. The results reached in such Opinion and Award be, and they are hereby AFFIRMED, as amended."

Plaintiff contends that the Full Commission did not independently find the facts embraced by finding of fact No. 6, that this finding is not supported by the evidence, that the Full Commission erred in overruling plaintiff's exceptions and in affirming the opinion and award of Commissioner Marshall, that it was error to rest the decision on G.S. 97-12 rather than upon causal relationship and that the Full Commission's finding of fact No. 7 is not supported by the evidence and its conclusion of law is not supported by the findings of fact.

G.S. 97-38 provides for the payment of compensation "[i]f death results approximately from the accident and within 2 years thereafter, or while total disability still continues and within six years after the accident . . ." but G.S. 97-12 provides that "[n]o compensation shall be payable if the injury or death was occasioned by the intoxication of the employee or by the willful intention of the employee to injure or kill himself or another."

Plaintiff calls attention in her brief to the case of *Painter v. Mead,* 258 N.C. 741, 129 S.E. 2d 482, wherein our Supreme Court discussed under what circumstances suicide following injury by accident may be compensable. The Court discussed the case of *In Re Sponatski,* 220 Mass. 526, 108 N.E. 466, embodying what is commonly referred to as the *Sponatski* rule, then the majority rule. Justice Higgins, writing for the Court, said:

"In holding the evidence sufficient to support a finding that by reason of insanity the suicide was the result of an uncontrollable impulse, or in a delirium of frenzy without conscious volition to cause death, we are not thereby to be understood as fixing as our standard the rigid rule of the *Sponatski* case. We go no further now than to hold the evidence was sufficient to meet the reasonable tests of that rule which the Industrial Commission seems to have used as the standard. Any further discussion is not now required."

Plaintiff argues that the Commission has in this case erroneously applied the *Sponatski* rule in denying an award. In her brief plaintiff very ably reviews the case law in other jurisdictions and correctly, we think, concludes that *Sponatski* is no longer the majority rule. However, in our view of the matter this question is not before us.

[1] The record before us presents the problem of determining whether the competent evidence is sufficient to support the findings of fact. If the findings are supported by competent evidence and are determinative of all the questions at issue, we must accept the findings as final truth, because we are bound by them. We then determine whether they support the conclusions of law and decision of the Commission. *Pardue v. Tire Co.*, 260 N.C. 413, 132 S.E. 2d 747; *Brice v. Salvage Co.*, 249 N.C. 74, 105 S.E. 2d 439.

[2] The Commission, in cases in which it has jurisdiction, is the sole fact finding body. *Brice v. Salvage Co., supra*. It considers the *competent* evidence before it. Plaintiff earnestly contends that all of the medical evidence, if believed, compels an award. A careful reading of the transcript reveals that very little of the testimony of the only expert witness in the field of psychiatry was admitted. The Commissioner correctly applied the rule set out in *Todd v. Watts*, 269 N.C. 417, 152 S.E. 2d 448:

"Since it is the jury's province to find the facts, the data upon which an expert witness bases his opinion must be presented to the jury in accordance with established rules of evidence. Stansbury, N.C. Evidence § 136 (2d Ed. 1963). 'It is well settled in the law of evidence that a physician or surgeon may express his opinion as to the cause of the physical condition of a person if his opinion is based either upon facts within his personal knowledge, or upon an assumed state of facts supported by evidence and recited in a hypothetical question.' *Spivey v. Newman*, 232 N.C. 281, 284, 59 S.E. 2d 844, 847."

[3] Our examination of the competent evidence before the Commission leads us to the inescapable conclusion that there is competent evidence to support the findings of fact, including findings 6 and 7 challenged by the plaintiff, and we are of the opinion that the findings support the conclusion and decision of the Commission.

[4] Plaintiff challenges the action of the Commission in striking finding of fact No. 7 and the conclusion of law and substituting a different finding of fact and conclusion. The power and duties of the Commission in this respect are succinctly stated in *Brewer v. Trucking Co.*, 256 N.C. 175, 123 S.E. 2d 608:

"Rules promulgated by the Commission are for the benefit of the Commission and must be complied with by the parties to a proceeding brought pursuant to the provisions of our Workmen's Compensation Act. However, these rules do not limit the power of the Commission to review, modify, adopt, or reject the findings of fact found by a Deputy Commissioner or by an individual member of the Commission when acting as a hearing Commissioner. In fact, the Commission is the fact finding body under our Workmen's Compensation Act. The finding of facts is one of the primary duties of the Commission. *Henry v. Leather Co.*, 231 N.C. 477, 57 S.E. 2d 760; *Beach v. McLean*, 219 N.C. 521, 14 S.E. 2d 515. A finding of fact by a hearing Commissioner or by a Deputy Commissioner never reaches the Superior Court or this court unless it has been affirmed by the Commission. 100 C.J.S., Workmen's Compensation, Section 687, page 1044. Certainly, the power to review the evidence, reconsider it, receive further evidence, rehear the parties or their representatives, and, if proper, to amend the award, carries with it the power to modify or strike out findings of fact made by the Deputy Commissioner or hearing Commissioner if in the judgment of the Commission such finding is not proper."

No error.

CAMPBELL and BRITT, JJ., concur.