BETTY LANKFORD, EMPLOYEE PLAINTIFF v. DACOTAH COTTON MILLS, EMPLOYER AND INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, CARRIER DEFENDANTS

No. 8110IC471

(Filed 2 March 1982)

1. **Master and Servant § 96.5 — workers' compensation — findings supported by evidence**

   In a workers' compensation action in which plaintiff alleged a back injury she received was a result of an accident in the course of her employment, the Commission's finding that plaintiff's injury did not arise by accident because the testimony of the plaintiff was not credible was supported by competent evidence and therefore could not be disturbed on appeal.

2. **Master and Servant §§ 87.2, 95 — motion for new trial after notice of appeal — neither motion nor ruling part of the record**

   Where plaintiff filed a motion for a new trial with the Industrial Commission after notice of appeal to an appellate court was entered, and neither the motion nor the Commission's ruling was made a part of the record on appeal, and a motion for a new trial based on newly discovered evidence was not made in the appellate court, the appellate court was unable to entertain or consider the plaintiff's motion.

APPEAL by plaintiff from the Opinion and Award of the Industrial Commission entered 13 January 1981. Heard in the Court of Appeals 6 January 1982.

This case involves a back injury sustained by plaintiff on 27 February 1979, while employed as a weaver in defendant's cotton mill. Plaintiff's evidence tended to show that as she pulled a loom handle in the normal course of her employment, the handle jerked her toward the loom causing an injury to her back. The defendant's evidence consists primarily of the tesitmony of a represen-

tative of defendant's insurance carrier. He testified that plaintiff did not mention to him being jerked into the machine by the machine's loom handle and that she told him that she sustained her injury while standing on her tiptoes, leaning forward with both arms extended in order to tie in the loose ends at the top of her machine.

The Deputy Commissioner found that plaintiff sustained an injury arising out of and in the course of her employment. However, the Deputy Commissioner found, as a matter of law, that plaintiff's injury did not arise by accident, because the testimony of the plaintiff was not credible. The Full Commission, in a split decision, sustained the opinion and award of the Deputy Commissioner that plaintiff's injury was not compensable under the Worker's Compensation Act because it was not the result of an accident as contemplated by N.C. Gen. Stat. § 97-2(6).

*Ketner and Rankin by David B. Post, for the plaintiff-appellant.*

*Brinkley, Walser, McGirt, Miller & Smith by G. Thompson Miller, for the defendant-appellee.*

MARTIN (Robert M.), Judge.

[1] We first will consider plaintiff's second, third and fourth assignments of error which in effect question whether the Industrial Commission's findings of fact and conclusions of law were supported by competent evidence. In this case, Deputy Commissioner Shuping doubted the credibility of plaintiff's testimony that the loom handle jerked her injuring her back. Plaintiff had given a prior inconsistent statement to Tom Veal, the insurance adjuster, which statement indicated that plaintiff's injury occurred while she was performing her normal and routine job duties.

In *Blalock v. Roberts Co.*, 12 N.C. App. 499, 504, 183 S.E. 2d 827, 830 (1971), Judge Hedrick, speaking for the Court stated:

The findings of fact of the Industrial Commission are conclusive and binding on appeal if supported by competent evidence in the record even though the record contains evidence which would support a contrary finding. *Hollman v. City of Raleigh*, 273 N.C. 240, 159 S.E. 2d 874 (1968). The

Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony; it may accept or reject all of the testimony of a witness; it may accept a part and reject a part. *Robbins v. Nicholson*, 10 N.C. App. 421, 179 S.E. 2d 183 (1971); *Morgan v. Furniture Industries, Inc.*, 2 N.C. App. 126, 162 S.E. 2d 619 (1968); *Anderson v. Motor Co.*, 233 N.C. 372, 64 S.E. 2d 265 (1951). The Commission has the duty and authority to resolve conflicts in the testimony of a witness or witnesses. If the findings made by the Commission are supported by competent evidence they must be accepted as final truth. *Rooks v. Cement Co.*, 9 N.C. App. 57, 175 S.E. 2d 324 (1970); *Petty v. Associated Transport*, 4 N.C. App. 361, 167 S.E. 2d 38 (1969).

In this case, the Deputy Commissioner's findings are supported by competent evidence and therefore cannot be disturbed by this Court. Plaintiff's assignments of error are without merit and are overruled.

[2] Plaintiff bases the remainder of her brief on a motion for a new trial which she filed with the Industrial Commission after notice of appeal to this Court was entered. Neither this motion nor the Commission's ruling thereon was made a part of the record on appeal. More importantly, she did not make a motion for a new trial based on newly discovered evidence in *this Court*. Therefore, we are unable to entertain or consider her motion.

It is well-settled in North Carolina that when an appeal for compensation under the provisions of the Worker's Compensation Act has been duly docketed in the Superior Court [now the Court of Appeals], upon an appeal from an award of the Industrial Commission, the Superior Court [now the Court of Appeals] "has the power in a proper case to order a rehearing of the proceeding by the Industrial Commission on the ground of newly discovered evidence, and to that end to remand the proceeding to the Commission." *Byrd v. Lumber Co.*, 207 N.C. 253, 255, 176 S.E. 572, 573 (1934); *McCulloh v. Catawba College*, 266 N.C. 513, 146 S.E. 2d 467 (1966). In this case, however, we have no motion for a rehearing before us. However well-founded plaintiff's motion might be, we cannot consider it.

For the foregoing reasons, the judgment of the Industrial Commission is

Affirmed.

Chief Judge MORRIS and Judge HEDRICK concur.