GEORGE A. SMITH, EMPLOYEE, PLAINTIFF v. WILLIAM MUIRHEAD CONSTRUCTION COMPANY, INC., EMPLOYER; AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 7514IC365

(Filed 15 October 1975)

1. **Master and Servant § 94— duty of Industrial Commission to find facts**
     While the Industrial Commission is not required to make a finding as to each fact presented by the evidence, it is required to make

Smith v. Construction Co.

specific findings with respect to crucial facts upon which the question of plaintiff's right to compensation depends.

2. **Master and Servant §§ 91, 94— filing of claim with Commission — delay — finding as to estoppel required**

Evidence was sufficient to require a finding of fact with respect to estoppel of defendant to plead the lapse of time between the date of plaintiff's receipt of his last payment for compensation for temporary total disability and plaintiff's request for a hearing before the Industrial Commission to determine his disability arising out of the accident in question where there was evidence that plaintiff's delay in requesting a hearing resulted from his reliance on representations made by defendant employer's secretary.

APPEAL by plaintiff from order of the North Carolina Industrial Commission entered 18 February 1975. Heard in the Court of Appeals 28 August 1975.

This cause involves a claim under the Workmen's Compensation Act and the record establishes the following facts:

On 22 October 1971, plaintiff sustained an injury by accident arising out of, and in the course of, his employment with defendant employer. On said date, plaintiff and defendant employer were subject to, and bound by, the provisions of the Workmen's Compensation Act and defendant insurance company was defendant employer's compensation carrier. Subsequently thereto, the parties entered into an agreement for the payment of compensation for temporary total disability, pursuant to which plaintiff was paid compensation for the period from 23 October 1971 to 22 November 1971. Within two weeks after 2 December 1971, plaintiff received Commission form 28B dated 2 December 1971. The form stated, among other things, that plaintiff had been paid $248 compensation and that he had returned to work on regular weekly wages on 23 November 1971. Item 14 of the form asks the question: "Does This Report Close the Case—including final compensation payment?" The question was answered, "YES." Thereunder, the following appears in the form:

"NOTICE TO EMPLOYEE: If the answer to Item No. 14 above is "Yes," this is to notify you that upon receipt of this form your compensation stops. If you claim further benefits, you must notify the Commission in writing within one (1) year from the date of receipt of your last compensation check."

---

Smith v. Construction Co.

---

By letter to the commission dated 25 February 1974, plaintiff, through his attorney, requested a hearing to determine his disability arising out of the 21 October 1971 accident. A hearing was held before Deputy Commisisoner Rush (hearing commissioner) at which time plaintiff gave testimony, summarized in pertinent part, as follows: In late November 1971, after he had returned to work, he was called to defendant employer's office where he talked with Mrs. Coleman who worked in the office. Mrs. Coleman delivered to him a check for disability payments and, at her request, he signed a written document. Plaintiff told Mrs. Coleman on that occasion that he had not recovered from his accident, that he was working with only one hand, and that he had not been discharged by his doctor. Mrs. Coleman told plaintiff he was signing for the checks; "she assured they'd pay me for my total disability. Yes sir, temporary total disability." As to why plaintiff did not notify the Commission within one year after signing form 28B, he stated: " . . . and as to why I did not notify the Commission from the time I received that slip, I was still under the care of the doctor over a year after that and so I assumed that if there was any—any reaction of the injury after a year after discharge, that was the opinion I had, because I was still under the doctor's care over a year from this date." Plaintiff had appointments to see his doctor on 25 July 1972 and 9 March 1973 and kept the appointments. He last saw his doctor on 30 March 1973.

On 9 September 1974, the hearing commissioner filed his decision and award. In it he found as fact that plaintiff was under the care of physicians for his shoulder condition from 22 October 1971 to 30 March 1973 at which time he was discharged and given a rating. The findings of fact then included the following:

"2. The plaintiff returned to work with the defendant employer on November 23, 1971. On December 7, 1971, the plaintiff was requested to report to the defendant's employer's office. When the plaintiff arrived at the office Patsy Coleman, a secretary of the defendant employer gave him his last check for temporary total disability compensation. She also gave the plaintiff a copy of Form 28B (Defendants' Exhibit 2) and requested the plaintiff sign a statement from the defendant carrier acknowledging receipt of Form 28B (Defendants' Exhibit 1). The plaintiff told Patsy Coleman that he was working with only one

hand and was not discharged by his doctor. He asked Patsy Coleman about the future condition of his left shoulder. She advised the plaintiff that he was requested to sign the statement only for the temporary total disability compensation checks. The plaintiff relied on the conversation with Patsy Coleman and signed the statement from the defendant carrier (Defendants' Exhibit 1) without reading it.

"3. Sometime later the plaintiff read the 'Notice to Employee' on the bottom of the Form 28B (Defendants' Exhibit 2). Since the plaintiff was still under the care of a doctor and had confidence in and relied on the statements of Patsy Coleman, he interpreted the one year provision in the 'Notice to Employee' to mean one year after his discharge by his doctor. The plaintiff, therefore, did not notify the Industrial Commission in writing within one year from December 7, 1971, that he claimed further benefits under the Workmen's Compensation Act.

\* \* \*

"5. The conduct of the defendants amounts to equitable estoppel and the defendants are estopped to escape liability of the plaintiff's claim on account of the plaintiff's failure to notify the Industrial Commission in writing within the time required by statute."

The hearing commissioner concluded as a matter of law that the conduct of defendants constituted equitable estoppel and made an award in favor of plaintiff. Defendants appealed to the full commission who vacated the opinion and award of the hearing commissioner, except for stipulations, and made findings of fact including the following:

"2. The plaintiff returned to work with the defendant employer on November 23, 1971. On December 7, 1971, the plaintiff was requested to report to the defendant employer's office. When the plaintiff arrived at the office Patsy Coleman, a secretary of the defendant employer, gave him his last check for temporary total disability compensation. She also gave the plaintiff a copy of Form 28B (Defendants' Exhibit 2) and requested the plaintiff sign a statement from the defendant carrier acknowledging receipt of Form 28B (Defendants' Exhibit 1).

"3. The plaintiff did not notify the Industrial Commission in writing within one year from December 7, 1971,

that he claimed further benefits under the Workmen's Compensation Act."

The full commission concluded that " . . . plaintiff has shown no conduct on the part of the defendant which constitutes estoppel" and denied plaintiff's claim.

Plaintiff appealed to the Court of Appeals.

*Eugene C. Brooks III, for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter, by Richard G. Bernhardt, Jr., for defendant appellees.*

BRITT, Judge.

[1] Plaintiff contends that the full commission erred in vacating the opinion and award of the hearing commissioner. Among other things, he argues that the evidence raised the issue of equitable estoppel and that the full commission failed to make findings of fact on the issue. We find merit in the argument.

In reviewing the opinion and award of the hearing commissioner, the commission was authorized by G.S. 97-85 to "reconsider the evidence" and, if proper, to *vacate* the award. *Lee v. Henderson and Associates,* 284 N.C. 126, 200 S.E. 2d 32 (1973). The power of the commission to review and reconsider the evidence carries with it the power to modify or strike out findings of fact made by the hearing commissioner. *Brewer v. Trucking Company,* 256 N.C. 175, 123 S.E. 2d 608 (1962). While the commissioner is not required to make a finding as to each fact presented by the evidence, it is required to make specific findings with respect to crucial facts upon which the question of plaintiff's right to compensation depends. *Morgan v. Furniture Industries, Inc.,* 2 N.C. App. 126, 162 S.E. 2d 619 (1968).

[2] Next, we consider the question of estoppel. Plaintiff contends defendants are estopped to plead the lapse of time because of representations made to him by Mrs. Coleman at the time he signed form 28B. He argues that Mrs. Coleman's statements not only induced him to sign the form but also lured him into believing that the lapse in time following the last statement of compensation would not affect his right to receive additional compensation.

---

Smith v. Construction Co.

---

In *Watkins v. Motor Lines*, 279 N.C. 132, 139, 181 S.E. 2d 588, 593 (1971), in an opinion by Justice Huskins, we find:

> "The law of estoppel applies in compensation proceedings as in all other cases." *Biddix v. Rex Mills, supra.* In *McNeely v. Walters*, 211 N.C. 112, 189 S.E. 114 (1937), Chief Justice Stacy, speaking for the Court, said: "The doctrine of equitable estoppel is based on an application of the golden rule to the everyday affairs of men. It requires that one should do unto others as, in equity and good conscience, he would have them do unto him, if their positions were reversed. . . . Its compulsion is one of fair play."

While the evidence in the instant case on the question of estoppel was minimal, we think it was sufficient to raise the issue and require a finding of fact on the issue. In his paragraph numbered 2, set out above, the hearing commissioner made a finding on the question. In the commission's paragraph numbered 2, set out above, it merely eliminated the hearing commissioner's finding and made no finding in its place. The conclusion that "plaintiff has shown no conduct on the part of the defendant which constitutes estoppel" is not sufficient to meet the requirement with respect to findings of fact.

It has been held that it would be contrary to the essence of the fact finding authority conferred by G.S. 97-84 to make it obligatory upon the commission to accord unquestioned credence even to uncontradicted testimony. *Anderson v. Motor Company*, 233 N.C. 372, 64 S.E. 2d 265 (1951). Nevertheless, when evidence is presented in support of a material issue raised, it becomes necessary for the commission to make a finding one way or the other.

For the reasons stated, the order appealed from is vacated and this cause is remanded to the Industrial Commission for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges HEDRICK and MARTIN concur.