BESSIE BARNES, EMPLOYEE-PLAINTIFF v. O'BERRY CENTER, EMPLOYER, SELF-INSURED CARRIER, DEFENDANT

No. 8110IC429

(Filed 15 December 1981)

**Master and Servant § 96.4— workers' compensation—failure of Commission to make definitive findings**

In a workers' compensation proceeding, the Industrial Commission failed to make definitive findings as required by statute where it merely found: "Plaintiff has not had any additional disability as a result of the injury giving rise hereto." That finding failed to inform the reviewing court on what ground the Commission denied the existence of additional disability, and there were several possible inferences.

APPEAL by plaintiff from the North Carolina Industrial Commission opinion and award of 3 November 1980. Heard in the Court of Appeals 10 December 1981.

On 11 December 1974, plaintiff fell from a stool during her employment as a nurse at O'Berry Center. She sustained an injury for which defendant compensated her from 9 January 1975 to 27 February 1976, and for a few days between then and 24 March 1976.

On 28 May 1980, there was a hearing to determine plaintiff's right to additional disability compensation. The Deputy Commissioner denied plaintiff's claim. The Full Commission affirmed the award, adopting the following findings as its own:

"1. On December 11, 1974 plaintiff fell off a stool at work, landing on her buttocks. She had severe pain in her buttocks but no radiating pain to her legs.

3. Plaintiff was examined by Dr. Clippinger of Duke Medical Center on February 20, 1975. Plaintiff complained of numbness of both legs but Dr. Clippinger found no anatomical basis for her complaints. Dr. Clippinger saw plaintiff on August 16, 1977 and December 19, 1978. His conclusion was that plaintiff's complaints had an emotional basis.

4. The findings of Dr. McLamb of Goldsboro on examining plaintiff on January 19, 1976 were essentially the same.

5. Plaintiff has not returned to work since the accident.

6. Plaintiff has not had any additional disability as a result of the injury giving rise hereto."

*Thigpen, Blue and Stephens, by Cressie H. Thigpen, Jr., and Ralph L. Stephens, for plaintiff appellant.*

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for defendant appellee.*

VAUGHN, Judge.

Plaintiff's appeal challenges the sufficiency of the Commission's findings to support its conclusion of law. We agree that the Commission has failed to make definitive findings as required by statute, and, therefore, remand the cause.

To establish a claim for additional benefits, plaintiff must prove she continues to suffer from a compensable injury which impairs her wage-earning capacity. *Morgan v. Furniture Industries, Inc.*, 2 N.C. App. 126, 162 S.E. 2d 619 (1968). The Commission is not required to make findings of fact as to each question raised by the evidence, but it is required to make specific findings pertaining to these crucial facts upon which plaintiff's claim rests. *Smith v. Construction Co.*, 27 N.C. App. 286, 218 S.E. 2d 717 (1975).

Our courts have consistently held that mere recitals of medical expert opinion are not sufficiently specific to enable a reviewing court to judge the propriety of the Commission's order. *Harrell v. Stevens & Co.*, --- N.C. App. ---, --- S.E. 2d --- (1981); *Moore v. Stevens & Co.*, 47 N.C. App. 744, 269 S.E. 2d 159, *cert. denied*, 301 N.C. 401, 274 S.E. 2d 226 (1980); *Gaines v. Swain & Son, Inc.*, 33 N.C. App. 575, 235 S.E. 2d 856 (1977). Findings of Fact Nos. 3 and 4, therefore, cannot properly form the basis of the denial of benefits.

Defendant argues that Finding of Fact No. 6, however, is specific and a sufficient basis for the Commission's order. We disagree.

Plaintiff contends that the present pain in her back and legs is the result of the compensable injury she suffered on 11 December 1974. She further argues that the pain prevents her from sitting or standing, and she is therefore unable to engage in gainful employment. Finding of Fact No. 6 is contrary to plaintiff's claim but so general it fails to inform the reviewing court on what ground the Commission is denying the existence of additional disability. It, therefore, cannot justify the Commission's award.

The finding appears almost immediately after two findings that plaintiff's pain has an emotional basis. A reasonable inference, therefore, is that the Commission has found plaintiff does not have any additional disability simply because it finds her pain is not caused by any physical complications of her earlier injury. This Court, however, has held that if an employee receives an injury which is compensable and the injury causes her to become so emotionally disturbed that she is unable to work, she is entitled to compensation. *Fayne v. Fieldcrest Mills, Inc.*, --- N.C. App.

---, 282 S.E. 2d 539 (1981). *Accord, Snead v. Mills, Inc.*, 8 N.C. App. 447, 174 S.E. 2d 699 (1970).

Another possible inference from Finding No. 6 is that plaintiff has not proved a causal relationship between her present pain and the compensable injury of December, 1974. *See Fayne v. Fieldcrest Mills, Inc., supra.* A third inference is that plaintiff is not additionally disabled because she has suffered no wage-earning impairment. *See Burton v. Blum & Son*, 270 N.C. 695, 155 S.E. 2d 71 (1967). Denial of compensation based on plaintiff's failure to prove either of these facts is proper. *See Moore v. Stevens & Co., supra.*

"The findings of fact of the Industrial Commission should tell the full story of the event giving rise to the claim for compensation." *Thomason v. Cab Co.*, 235 N.C. 602, 605, 70 S.E. 2d 706, 709 (1952). Such specific findings are crucial if the reviewing court is to ascertain whether the findings of fact are supported by evidence and whether they in turn support the conclusions of law reached. *Cannady v. Gold Kist*, 43 N.C. App. 482, 259 S.E. 2d 342 (1979). For the reasons stated, the opinion and award of the Commission is vacated, and the cause is remanded for more definitive findings and conclusions based on the evidence in the present record.

Vacated and remanded.

Judges WEBB and HILL concur.