CHALMER L. PRIDDY, EMPLOYEE v. CONE MILLS CORPORATION, EMPLOYER AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER

No. 8110IC1059

(Filed 7 September 1982)

**Master and Servant § 68— occupational disease—conflicting evidence concerning disability—findings as to disability insufficient**

In a workers' compensation proceeding where an occupational disease was alleged and where the record contained conflicting evidence concerning the claimant's capacity to work because of her disability, the Commission erred in failing to make the necessary findings of fact as to plaintiff's earning capacity. G.S. 97-2(9) and G.S. 97-53(13).

APPEAL by plaintiff from the North Carolina Industrial Commission opinion and award of 7 July 1981. Heard in the Court of Appeals 24 May 1982.

Plaintiff began work for defendant Cone Mills in the spinning department on 15 May 1951. All during her employment she was exposed to respirable cotton dust. Plaintiff quit her job on 15 August 1974 because her efforts at breathing had become so difficult that she could not properly perform her work.

On or about 7 March 1979 plaintiff filed a claim with the North Carolina Industrial Commission seeking benefits for disability resulting from occupational lung disease. Following a hearing, the Deputy Commissioner found, in pertinent part, that

8. Plaintiff has contracted the disease byssinosis, with evidence of permanent and irreversible airway obstruction, albeit moderate in degree, as a result of her exposure to respirable cotton dust during her history of textile employment.

9. Plaintiff was last injuriously exposed to byssinosis while employed by defendant employer.

10. Although plaintiff retained permanent and irreversible pulmonary impairment as a result of byssinosis at the time she terminated her employment, she was not then, nor is she now, disabled, either temporarily, partially, or totally, as a result of said occupational disease. However, plaintiff does have a permanent disability as a result of byssinosis in that she has permanent injury to two important internal organs, to wit: her lungs. The proper and equitable consideration for the loss of function of these organs is $3,500.00.

The plaintiff was awarded the sum of $3,500.00 for partial loss of lung function and all medical expenses incurred as a result of her occupational disease.

*Ling & Farran, by Jeffrey P. Farran, for plaintiff-appellant.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan, Jr., for defendant-appellees.*

MARTIN (Robert M.), Judge.

Plaintiff argues that the Industrial Commission erred in not finding that she was disabled by an occupational lung disease and entitled to disability benefits. Even though we do not agree that the evidence compels a finding of disability as a matter of law, we hold that the award must be vacated and this matter remanded.

As a general rule an opinion and award of the Industrial Commission is conclusive on appeal if its findings of fact are supported by any competent evidence and the conclusions of law are supported by the findings. *Barham v. Food World,* 300 N.C. 329, 266 S.E. 2d 676 (1980). However, an order may be remanded to the Commission for additional findings of fact where the findings are insufficient to determine the rights of the parties. *Byers v. Highway Commission,* 275 N.C. 229, 166 S.E. 2d 649 (1969).

In the case at hand, the Commission found that at the time plaintiff terminated her employment she was suffering from byssinosis, an occupational disease, but that she was not disabled in any way as a result of this illness. The term "disability" as used under the Workers' Compensation Act refers to the diminished capacity to earn wages and not to physical infirmity. *Hall v. Thompson Chevrolet, Inc.,* 263 N.C. 569, 139 S.E. 2d 857 (1965). It means the "incapacity because of the injury to earn the

wages which the employee was receiving at the time of injury in the same or any other employment." G.S. 97-2(9).

The Supreme Court has held in the recent decision of *Hilliard v. Apex Cabinet Company*, 305 N.C. 593, 290 S.E. 2d 682 (1982), that a conclusion of disability must be based upon the following findings of fact supported by competent evidence:

(1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this individual's incapacity to earn was caused by plaintiff's injury.

*Id.* at 695, 290 S.E. 2d at 683. Where the record contains conflicting evidence concerning the claimant's capacity to work because of his disability, the Commission is required to make findings of fact which support its conclusion as to the presence or absence of disability as defined by G.S. 97-2(9). *Id.*

The evidence in the record reveals that plaintiff's sole work experience was in cotton mills where she was exposed to respirable cotton dust which is known to result in byssinosis, an occupational disease under G.S. 97-53(13). Plaintiff was working as a room cleaner in the spinning department when she quit her job with Cone Mills. She left her employment soon after the denial of her request for a leave of absence to enable her to accompany her husband to Oklahoma. She testified that she quit her job because she suffered such extreme difficulty in breathing that she could not perform her work. Plaintiff smoked not more than three to four cigarettes a day. At the time of the hearing plaintiff was 59 years of age with a fifth grade education. She was obese and suffered from other medical problems. Plaintiff stated that she was unable to walk any distance without giving out of breath. Although both medical experts reported that plaintiff should not return to work in a dusty environment, one examining doctor opined that "minimal if any pulmonary disability [was] due to cotton dust exposure," while the other stated that "Mrs. Priddy was unable to continue working because of the severe day after day respiratory complaints that had [been] her lot for the previous 19 years. . . . She will never again be able to work for pay." Plaintiff testified that since 1974 she had been unemployed and had

not looked for other work because she was unable to work due to "breathing problems and other things."

In order to receive disability compensation, the burden is on the claimant to prove that his illness has impaired his capacity to work and the extent of this impairment. *Little v. Food Service,* 295 N.C. 527, 246 S.E. 2d 743 (1978). In this case Mrs. Priddy was required to show not only that she was unemployed but also that she had not gotten another job because she was unable to do so. *Hilliard v. Apex Cabinet Company,* 305 N.C. 593, 290 S.E. 2d 682 (1982).

Although the Industrial Commission is free to accept or reject any or all of plaintiff's evidence in making its award, it must make specific findings as to the facts upon which a compensation claim is based, including the extent of a claimant's disability. The order must contain more than mere recitals of medical opinion to resolve these basic issues. *Barnes v. O'Berry Center,* 55 N.C. App. 244, 284 S.E. 2d 716 (1981). The conflicting evidence in this case concerning plaintiff's disability created an issue of fact which required a finding by the Commission. Since the Commission failed to make the necessary findings of fact as to plaintiff's earning capacity, this cause is remanded to the Industrial Commission for proceedings consistent with this opinion.

Vacated in part and remanded.

Chief Judge MORRIS and Judge BECTON concur.