The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a right-handed, 45-year-old married male, who not only has a familial history of insulin dependent diabetes mellitus (his mother), but suffers from the same himself with the resulting risk of developing a diabetic mononeuropathy. Although in a separate claim for a service-related disability plaintiff contended that he developed severe visual problems from the same disease while in the Navy in 1973; the visual problems involved were the result of his failing the depth perception test on two occasions during an aviation officer candidate's physical examination and were not due to his diabetes mellitus. It was not until a number of years after his Navy discharge that he developed diabetes mellitus, but was already suffering from the same disease at the time of the injury giving rise hereto. In 1991 he had begun taking oral hypoglycemics in an attempt to control his brittle diabetes, but since 1993 has taken NPH insulin.
2. He is a high school graduate and has four years of college with a major in psychology and a minor in chemistry. His prior work experience has involved working in accounting, insurance and managing a Pick `N Pay shoe store.
3. In June of 1992 plaintiff was hired by defendant-employer as a remodeling specialist and worked in that capacity until January of the following year when he entered the same employer's management training program and was assigned to its Lumberton store as assistant manager.
4. As a remodeling specialist plaintiff was responsible for tearing down and remodeling the inside of defendant's store, including taking down old shelves and replacing them with new ones. While standing on a ladder attempting to remove some old shelving in the process of remodeling defendant-employer's Edenton store plaintiff contends that he slipped on the ladder and the 19 inch shelf he was pulling out struck him between the eyes, then hit him on the right shoulder and finally rolled down the same arm injuring his dominant right hand resulting in him developing disabling carpal tunnel syndrome thereof. Plaintiff also not only contends that he advised his crew leader as well as the store's assistant manager of his injury that same day, but the following day telephoned defendant-employer's home office in Charlotte and spoke with someone in insurance about his claim, who was supposed to send him the necessary forms to file it which he never received and as a result wrote defendant-employer on two occasions about his injury. Finally plaintiff contends that he initially sought medical treatment for the same injury on December 22, 1992 when he was seen by Dr. Thigpen and because of his hand problems was out of work for a week. (See Defendant's Exhibit No. 3, the insurance claim form for health care benefits he filed.)
5. On February 18, 1993 plaintiff was terminated from defendant's employ because of his admitted falsification of claims for mileage expenses. Prior to his termination from defendant's employ plaintiff had not sought any medical treatment for the right hand problems giving rise hereto, but the following day sought medical treatment from Dr. Thigpen. When plaintiff was earlier seen by Dr. Thigpen on December 22, 1992 it was not for any type of hand problems; but rather, because he was suffering from acute sinusitis and bronchitis causing him to be out of work the following week.
Prior to his termination plaintiff had never advised defendant-employer of his alleged right hand injury and thereafter did so on or about March 10, 1993.
6. Plaintiff's testimony, and other evidence, which if believed would tend to establish that he sustained a disabling right hand injury on October 29, 1992 is not accepted as credible based not only on his demeanor at hearing, but failure to notify defendant-employer of his alleged injury or to seek any medical treatment for it until after his termination from defendant's employ as well as his demonstrated propensity to misrepresent facts to gain a financial advantage, including his admitted falsification of the mileage expense of claim forms that resulted in his termination from defendant's employ, the claim for health care benefits denominated Defendant's Exhibit No. 3 where he claims that he was out of work from December 22, 1991 through December 28, 1991 as a result of the alleged right hand injury giving rise hereto when Dr. Thigpen had taken him out of work because of unrelated acute sinusitis and bronchitis and the claim for service-related disability alleging that he had severe visual problems as a result of diabetes mellitus that he developed when he was in the Navy in 1973 when he was then not suffering from diabetes myelitis and did not develop it for many years, the visual problems that he did suffer were due to unrelated depth perception difficulties and even now does not suffer from severe visual problems; but rather, only a slight diabetic retinopathy.
7. On October 29, 1992 plaintiff did not injure his right hand at work resulting in him developing the disabling carpal tunnel syndrome claim; but rather, has since developed a disabling diabetic mononeuropathy of the same hand due to his pre-existing diabetes mellitus wholly independent of the hand injury claim.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
On October 29, 1992 plaintiff did not sustain an injury to his right hand arising out of and in the course of his employment resulting in the disabling carpal tunnel syndrome claim; but rather, has since developed a disabling diabetic mononeuoropathy of the same hand due to his pre-existing diabetes mellitus wholly independent of the hand injury claim.
Plaintiff's testimony, and other evidence, which if believed would tend to establish that he sustained a disabling compensable right hand injury on the date in question is not accepted as credible.
Concerning credibility of witnesses in a Workers' Compensation proceeding, Judge Hedrick, speaking for the court of Appeals Blalock v. Roberts Company, 12 N.C. App. 499 stated:
"The Commission is the sole judge of the credibility of the witness and the weight to be given their testimony; it may accept or reject all of the testimony of a witness; it may accept a part and reject a part. Robbins v. Nicholson, 10 N.C. App. 421,179 S.E.2d 183 (1971); Morgan v. Furniture, Inc., 2 N.C. App. 126,162 S.E.2d 619 (1968) and Anderson v. Motor Company, 233 N.C. 372,64 S.E.2d 265 (1951). The Commission has the duty and authority to resolve conflicts in the testimony of a witness or witnesses. If the findings made by the Commission are supported by competent evidence, they must be accepted as final truth. Rooks v. CementCompany, 9 N.C. App. 57, 170 4th S.E.2d 324 (1970); Petty v.Associated Transport, 4 N.C. App. 361, 167 S.E.2d (1968)".
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim must be and is hereby DENIED.
2. Each side shall bear its own cost and to the extent the same has not already been paid defendants shall pay the expert witness fee previously awarded Dr. Solomon for his deposition testimony.
3. Defendants Motion to dismiss plaintiff's claim is HEREBY DENIED.
FOR THE FULL COMMISSION
 S/ ________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________ J. RANDOLPH WARD, JR. COMMISSIONER
S/ ________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 9/3/96