***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. Accordingly, the Full Commission REVERSES the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act, the Employer employing the requisite number of employees to be bound under the provisions of said Act. *Page 2 
2. The date of injury is April 13, 2005.
3. An employment relationship existed between Employee-Plaintiff and Employer-Defendant on April 13, 2005.
4. Key Risk Management Services was the administrator of the workers' compensation benefits for Employer-Defendant on April 13, 2005.
5. Per the Form 22, Employee-Plaintiff's average weekly wage is $550.71, yielding a compensation rate of $367.16.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Marjorie Raynor was employed with the North Carolina Department of Correction as a correctional officer on April 13, 2005, when she sustained a compensable injury by accident.
2. While at work on this date, Plaintiff was walking down the hall and slipped on a wet spot. As Plaintiff lost her balance, she twisted her knee but was able to stop herself from falling all the way to the floor. Plaintiff informed her supervisor that she was experiencing pain in her left knee, right knee, and lower back. Shortly after the accident Plaintiff's right knee started swelling.
3. The Employer accepted compensability for Plaintiff's right knee and low back injuries on a Form 60. The Employer denied compensability for Plaintiff's left knee complaints on a Form 61. *Page 3 
4. Despite complaining of pain in her right knee, left knee, and lower back, Plaintiff was only approved for treatment of the right knee injury.
5. Plaintiff has been seen by numerous physicians and none of them were able to treat the complaints of left knee pain because it had not been approved by Employer.
6. The pain in Plaintiff's left knee has progressed since the time of the accident, her left knee has not been treated, and Plaintiff has had to compensate for the injury to the right knee by putting more pressure on the left knee.
7. Plaintiff has been consistent in her reports to her treating physicians that her compensable injury by accident to her right knee has caused her left knee pain as well.
8. Plaintiff presented to Brown Orthopaedic Sports Medicine on May 16, 2005. Plaintiff was treated by Mr. Daniel Sellers, a physician's assistant. Following his physical examination, Mr. Sellers diagnosed Plaintiff with a patellar subluxation of the right knee as well as chondromalacia with osteochondral defects in the right knee. Plaintiff reported left knee pain during this visit.
9. Plaintiff returned to Dr. Brown on July 27, 2005. Following his physical examination, Dr. Brown diagnosed Plaintiff with right knee patellofemoral syndrome, osteoarthritis, and degenerative menisci on the medial and lateral sides.
10. When Plaintiff continued to have pain in her right knee she presented to Dr. Lyman Smith on September 23, 2005. Following his physical examination, Dr. Smith recommended that Plaintiff undergo surgery.
11. Plaintiff underwent a right knee arthroscopy on December 1, 2005.
12. Dr. Smith stated that Plaintiff had reached maximum medical improvement in regard to her right knee on June 9, 2006, and assigned a fifteen percent (15%) permanent partial *Page 4 
disability rating to her right leg.
13. Plaintiff presented to Dr. Bradley Vaughn on June 28, 2007. Her chief complaint on this date was left knee pain.
14. Plaintiff reported on the intake form for this visit on June 28, 2007, that she has had the left knee pain for two years two months and that the pain is worsening. Dr. Vaughn noted that while Plaintiff's pain to her right knee is anterior pain, the pain experienced in the left knee is more global, and includes pain in the front and back of the left knee.
15. Plaintiff's treatment with Dr. Vaughn was not authorized by the Employer.
16. Neither Dr. Brown nor Dr. Smith treated Plaintiff's left knee. Dr. Smith has no recollection of Plaintiff speaking to him about her left knee.
17. When asked whether he believed that Plaintiff's left knee pain could have been caused by the compensable injury by accident, Dr. Brown answered that it could have been caused by the accident. When pressed further, Dr. Brown opined that, "If she had no pain before and had pain after, and certainly, as you stated within an hour, it's more likely than not that the injury, whatever that may have been, caused that pain."
18. Dr. Smith was asked whether he could provide an opinion to a reasonable degree of medical certainty whether Plaintiff's left knee problems were related to her compensable injury. Dr. Smith had not treated Plaintiff's left knee and therefore could only presume that Plaintiff's left knee problems are related to her injury.
19. Dr. Smith agreed with Dr. Vaughn's assessment that Plaintiff's left knee pain was compensatory due to the injury to the right knee. Dr. Smith testified, "And as a matter of course, her left knee tried to unload and take some of the pressure, and thereby pain, off of that right knee, thereby increasing the work load and pressure on her left knee." *Page 5 
20. The greater weight of the medical evidence is that Plaintiff's left knee condition is a direct and natural result of her compensable right knee injury.
21. The greater weight of the medical evidence is that Plaintiff's left knee condition developed as a result of compensating for the injured right knee.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On April 13, 2005, plaintiff sustained an admittedly compensable injury to her back and right knee by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. In a claim for additional compensation for medical treatment, the treatment must be directly related to the original compensable injury. Pittman v. Thomas Howard,122 N.C. App. 124, 468 S.E.2d 283, disc. rev. denied,343 N.C. 513, 471 S.E.2d 18 (1996). It is the burden of the injured worker to prove that the injury or condition being treated is causally related to the compensable injury by accident. Snead v.Mills, Inc., 8 N.C. App. 447, 174 S.E.2d 699 (1970).
3. The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony. It may accept or reject the testimony of a witness, in whole or part, depending solely upon whether it believes or disbelieves the same.See N.C. Gen. Stat. § 97-84; Smith v. William MuirheadConstr. Co., 27 N.C. App. 286, 291, 218 S.E.2d 717, 720 (1975).
4. Plaintiff has met her burden of proof by the credible lay and medical evidence of *Page 6 
record that her left knee condition was the direct and natural result of, and causally related to, her April 13, 2005, admittedly compensable injury by accident. N.C. Gen. Stat. § 97-2(6);Snead v. Mills, Inc., supra.
5. As the result of her April 13, 2005, admittedly compensable injury by accident and causally related left knee condition, plaintiff is entitled to have defendant pay for all related medical expenses incurred or to be incurred, including the treatment and services provided by Dr. Vaughn, subject to the provisions of N.C. Gen. Stat. § 97-25.1. N.C. Gen. Stat. §§ 97-25; 97-25.1.
6. Defendant shall reimburse any group health insurance carrier in accordance with N.C. Gen. Stat. § 97-90.1, so that Plaintiff and her medical doctors are paid through workers' compensation and made whole.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following:
 AWARD
1. Defendant shall provide Plaintiff with ongoing medical treatment of Plaintiff's left knee and shall schedule an evaluation for the left knee as soon as the treating orthopaedic physician can schedule an appointment for Plaintiff.
2. Defendant shall pay for medical compensation as specified in this Opinion and Award, including treatment provided to Plaintiff by Dr. Vaughn.
3. An attorney's fee for Plaintiff's attorney is denied at this time.
4. Defendant shall pay the costs.
This the 28th day of April, 2010. *Page 7 
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ LAURA K. MAVRETIC COMMISSIONER *Page 1