The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs and arguments of the parties. The Defendants have shown good grounds to reconsider the evidence. Accordingly, the Full Commission REVERSES the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act and the Industrial Commission has personal and subject matter jurisdiction.
2. An employment relationship existed between the parties on October 18, 2007, January 15, 2008, and May 2, 2008. *Page 2 
3. Defendant-Employer was insured for workers' compensation coverage at all relevant times.
4. Plaintiff alleges and Defendants deny that Plaintiff injured his back in the course and scope of his employment on October 18, 2007, and January 15, 2008.
5. Plaintiff injured his right knee in the course and scope of his employment on May 2, 2008, which Defendants accepted as medical-only.
6. Plaintiff's average weekly wages for the alleged dates of injury are stipulated as follows: October 18, 2007, $671.72, yielding a compensation rate of $447.83 per week; January 15, 2008, $726.88, yielding a compensation rate of $484.61 per week; May 2, 2008, $706.56, yielding a compensation rate of $471.06 per week (submitted post-hearing).
 *********** EXHIBITS
1. The parties stipulated the following documentary evidence:
 a. Stipulated Exhibit #1: I.C. Forms, filings, recorded statement
 b. Stipulated Exhibit #2: Discovery
 c. Stipulated Exhibit #3: Personnel records
 d. Stipulated Exhibit #4: Discovery (3 vol.)
 e. Stipulated Exhibit #5: Social Security Admin. records
 f. Stipulated Exhibit #6: Medical records
 g. Stipulated Exhibit #7: Average Weekly Wage correspondence (submitted post-hearing).
 *********** *Page 3 
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was 46 years old. Plaintiff completed high school and had one year of college. He was employed by Defendant-Employer primarily to perform plumbing work, with some electrical work. Plaintiff primarily worked on commercial projects, with some residential work. Plaintiff speaks multiple dialects of fluent Spanish as a second language.
2. Plaintiff suffered from chronic back pain, including chronic radicular pain into the left leg due to nerve damage related to an injury in the 1980s. He had undergone surgery to the L5-S1 disc in 1987 and again in 1989. On May 30, 2005, an MRI of Plaintiff's lumbar spine revealed a recurrent or residual disc extrusion at L5-S1. Based upon the evidence of record, the Commission finds that Plaintiff had been suffering with chronic low back pain with radiating symptoms since at least 2005.
I.C. No. 998785
3. On October 18, 2007, Plaintiff was manually digging in a small trench using a pickaxe. He felt a pop in his back and some accompanying pain. Plaintiff reported that he had hurt his back to his supervisor, but continued to work and finish out the day. Plaintiff did not obtain any medical treatment for this injury, he did not miss any subsequent days of work as a result of this incident, and no report was filed.
I.C. No. 998512
4. On January 15, 2008, Plaintiff and a helper were pulling some equipment up a flight of stairs. When they reached the top, Plaintiff was feeling back pain. Plaintiff did not tell *Page 4 
his helper he had hurt his back. He notified his foreman, Nathaniel Rice, that he had to go to the emergency room, and Mr. Rice instructed him to go.
5. Plaintiff testified that this pain in his back was not the same as the back pain he felt in October 2007.
6. Plaintiff provided inconsistent statements regarding his transportation to the emergency department. In answers to interrogatories Plaintiff indicated that Becky Hughey, from Human Resources, drove him to the emergency department at Mission Hospital because he could not walk. In contradiction to that answer, Plaintiff testified before the Deputy Commissioner that he drove himself to Mission Hospital and denied that Ms. Hughey had taken him.
7. Plaintiff testified that he had missed a couple of days of work after the alleged injury during the week of January 15, 2008. However, Plaintiff's time card shows that he worked a ten hour day on January 16, 2008.
8. Plaintiff testified that he met with Ms. Hughey, Jeannie Hargis, and Steve Harrower, during the week of January 15, 2008, to advise them he was having surgery. However, Dr. Silver did not recommend surgery to Plaintiff until January 30, 2008. Both Ms. Hughey and Ms. Hargis testified that Plaintiff did not mention any work related injury during this meeting and only referred to his old back injury. The record evidence shows that the meeting occurred during the month of February 2008, and was convened to discuss the process for Plaintiff to obtain short or long term disability and whether he was able to receive those benefits.
9. There is conflicting testimony of record regarding whether Plaintiff related his back pain to a work injury. There is conflicting testimony regarding times, dates, and surrounding facts specific to the alleged January 15, 2008, injury. The Commission finds that these inconsistencies *Page 5 
are sufficiently significant to render the totality of Plaintiff's testimony not credible as to the alleged workplace injury on January 15, 2008.
10. Dr. Silver opined that Plaintiff's lifting incident at work on January 15, 2008, aggravated an existing condition in Plaintiff's back. Dr. Silver's opinion was based upon history provided to him by Plaintiff. The Commission finds Dr. Silver's opinion insufficient to meet Plaintiff's burden as it is based on information provided by Plaintiff, and Plaintiff is not credible as to the alleged workplace injury on January 15, 2008.
11. The Commission finds that Plaintiff has failed to meet his burden by presenting credible evidence that he suffered a specific traumatic incident of the work assigned that resulted in an aggravation of a pre-existing back condition on January 15, 2008.
I.C. No. 899801
12. On May 2, 2008, Plaintiff was assisting with electrical work when he stepped off a ladder and onto a piece of conduit pipe, causing his right knee to pop. He continued to work until the knee began to stiffen, and then he reported the injury to the site foreman, Mr. Larry Bradley. An accident form was prepared and Plaintiff was sent to Sisters of Mercy Urgent Care.
13. Plaintiff's knee injury was accepted as compensable and Plaintiff did not miss any work as a result of the injury. Following treatment for the knee injury, in September 2008, Plaintiff was released without restrictions or impairment rating as to the knee by Dr. Jay Jansen. Plaintiff has received all compensation to which he is entitled for the compensable injury to his right knee of May 2, 2008.
14. Upon his return to work following the right knee injury, Plaintiff was again placed on light duty. He and Mr. Sterns were assigned to disassembling air conditioning units and *Page 6 
transporting the scrap metal to sale sites. There is no allegation that these tasks were outside of Plaintiff's light duty restrictions in place at that time.
15. Evidence was presented that in July 2008, Plaintiff and Mr. Sterns were delivering scrap metal to Biltmore Iron Metal for weighing and sale. During the course of unloading the metal from Defendant-Employer, the manager of Biltmore noted Plaintiff handing a bucket containing approximately $90.00 worth of copper tubing from Defendant-Employer's truck to an unknown man. The manager confronted Plaintiff regarding the misappropriation of the scrap copper and Plaintiff took the bucket back. The manager reported the incident to Defendant-Employer. Plaintiff, who claimed he was "joking" at the time, was subsequently terminated on July 27, 2008, for attempted theft and resale of company property.
16. The Commission finds as fact that Plaintiff's termination was for cause for which any non-injured employee would have been terminated and was not related to his compensable knee injury of May 2, 2008, or his additional back claims.
17. While plaintiff has offered testimony that he has sought other employment, he presented no evidence that the failure to obtain other employment was related to a disability. The Commission finds by the greater weight of the evidence that Plaintiff is not disabled.
18. There is conflicting testimony regarding when Plaintiff informed Defendant-Employer about his back injuries. The Commission finds as fact that whether Plaintiff informed Defendant-Employer of a job-related injury resulting from the incident of October 18, 2007, is moot, as no disability resulted from that injury.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following: *Page 7 
 CONCLUSIONS OF LAW I.C. No. 998785
1. Plaintiff has failed to show that on October 18, 2007, he suffered an injury that necessitated medical treatment or resulted in disability. Accordingly, Plaintiff is not entitled to compensation under the Act for the alleged incident of October 18, 2007. N.C. Gen. Stat. § 97-2(6).
I.C. No. 998512
2. The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony. It may accept or reject the testimony of a witness, in whole or part, depending solely upon whether it believes or disbelieves the same.See N.C. Gen. Stat. § 97-84; Smith v. William MuirheadConstr. Co., 27 N.C. App. 286, 291, 218 S.E.2d 717, 720 (1975).
3. The Commission finds Plaintiff's version of the alleged January 15, 2008, incident is not credible based upon the greater weight of the evidence, including Plaintiff's hearing testimony. Accordingly, Plaintiff has failed to prove he sustained a specific traumatic incident of the work assigned that resulted in the aggravation of a pre-existing back condition. N.C. Gen. Stat. § 97-2(6).
4. The Court of Appeals applied a balancing test inSeagraves v. Austin Co. of Greensboro,123 N.C. App. 228, 472 S.E.2d 397 (1996). Under theSeagraves test, to bar payment of benefits, an employer must demonstrate initially that: (1) the employee was terminated for misconduct; (2) the same misconduct would have resulted in the termination of a nondisabled employee; and (3) the termination was unrelated to the employee's compensable injury. Id. In the instant case, Plaintiff's termination from employment constituted constructive refusal to accept suitable employment. *Page 8 
5. An employee may still recover payment under Seagraves if the employee can show that his inability to find other employment is due to a work-related disability. Seagraves v. Austin Co. ofGreensboro, 123 N.C. App. 228, 472 S.E.2d 397 (1996). In the instant case, Plaintiff has not shown he is disabled and therefore cannot show an inability to find other employment based on a work-related disability.
I.C. No. 899801
6. Plaintiff sustained a compensable injury to his right knee in a work-related injury by accident that occurred on May 2, 2008. Plaintiff has received all the medical treatment and compensation to which he is entitled for this injury by accident, with the possible exception of future medical treatment, subject to the limitations of statute. N.C. Gen. Stat. §§ 97-2, 97-25, 97-25.1
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Plaintiff's claim for benefits pursuant to an alleged back injury occurring on October 18, 2007, is DENIED.
2. Plaintiff's claim for further benefits for the right knee injury of May 2, 2008, is DENIED, with the exception of future medical treatment incurred within the restrictions of the Act.
3. Plaintiff has failed to prove he sustained a specific traumatic incident of the work assigned that resulted in the aggravation of a pre-existing back condition. Accordingly, Plaintiff's claim must be and is hereby DENIED. *Page 9 
4. Each side shall pay their own costs.
This the 28th day of May, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1