CLYDENE W. ROBBINS, WIDOW; CLYDENE W. ROBBINS, NEXT FRIEND OF SARAH EDITH ROBBINS, LARRY DEAN ROBBINS, CHARLES RANDY ROBBINS AND KATHY DARLENE ROBBINS, CHILDREN OF CHARLIE ROBBINS, DEC'D., AND VELMA HEWITT WEAVER, NEXT FRIEND OF DANNY LEWIS AND CYNTHIA LEIGH LEWIS, CHILDREN OF MRS. TERRI D. LEWIS, DEC'D. v. O. T. NICHOLSON, EMPLOYER; CASUALTY RECIPROCAL EXCHANGE, CARRIER

No. 7122IC145

(Filed 24 February 1971)

1. Appeal and Error § 49— exclusion of testimony — other similar evidence admitted — harmless error

In this proceeding to recover workmen's compensation benefits for the deaths of two employees who were shot by the *femme* decedent's husband while they were working in a grocery store, the Industrial Commission did not commit reversible error in the exclusion of testimony that the *femme* decedent's husband had told a witness

that he thought *femme* decedent was "running around," where two other witnesses were allowed to give testimony of the same import as that excluded.

2. **Master and Servant § 56— workmen's compensation — causal connection between employment and injury**

As used in G.S. 97-2(6), the words "out of" refer to the origin or cause of the accident, and the words "in the course of" refer to the time, place and circumstances under which it occurred.

3. **Master and Servant § 56— workmen's compensation — employment as cause of injury**

In order for an injury to be compensable under the Workmen's Compensation Act, it need not have been foreseen if it resulted from the employment, and the employment does not have to be the "sole" cause of the injury; it is sufficient if there is "some" causal connection between the employment and the injury.

4. **Master and Servant § 59— workmen's compensation**

In this proceeding to recover workmen's compensation benefits for the deaths of two employees who were shot by the *femme* decedent's husband while they were working in a grocery store, the evidence was sufficient to support the Commission's findings that employment of decedents at the grocery store was the chief origin of matrimonial difficulties between the *femme* decedent and her husband, and that such employment was the direct cause of the fatal assault upon decedents, and the findings support the Commission's conclusion that the deaths of decedents arose out of their employment at the grocery store.

5. **Master and Servant § 93— workmen's compensation proceeding — credibility and weight of evidence — duties of Industrial Commission**

In a workman's compensation proceeding, the Industrial Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may accept or reject all or a part of the testimony of any witness.

Judge CAMPBELL dissenting in part.

APPEAL by defendants, employer and carrier, from an opinion and award of the North Carolina Industrial Commission entered on 5 October 1970.

This action consists of two claims, consolidated for purpose of hearing, commenced pursuant to the Workmen's Compensation Act (G.S. 97-1 *et seq.*) to collect benefits for the deaths of Charlie Robbins (Robbins) and Mrs. Terri D. Lewis (Terri), employees of a retail grocery store owned and operated by O. T. Nicholson (Nicholson). It was stipulated that at the time of the injuries by accidents giving rise to the

Robbins v. Nicholson

claims that the parties were subject to and bound by the provisions of the Workmen's Compensation Act; that the employer-employee relationship existed between the deceased employees and defendant employer at such time; and that defendant insurer was the compensation insurance carrier on the risk at such time. The parties further stipulated as to the average weekly wage of the two deceased employees; that said employees sustained injuries by accidents on 25 December 1967; and that such injuries by accidents resulted in the deaths of the deceased employees on that date. Defendants denied that the accidents "arose out of the employment."

Evidence presented before the Hearing Commissioner tended to show: Around 5:00 p.m. on Christmas Day 1967 Terri and Robbins were working at Nicholson's store in the City of Lexington, N. C. Terri was working at the check-out counter and Robbins was "bagging" groceries for a customer. Daniel Lewis (Lewis), husband of Terri, entered the front door of the store with a rifle and proceeded to shoot Terri and Robbins. Lewis then walked to the back of the store where he shot Nicholson. All three of the victims died immediately from their injuries. After shooting Nicholson, Lewis returned to the street in front of the store and awaited the arrival of police. Additional facts are set forth in the opinion.

The Hearing Commissioner, after making findings of fact and conclusions of law, made awards to the respective survivors of both Terri and Robbins. On appeal by defendants the full Commission, after allowing several minor assignments of error not effecting the merits of the claims, sustained the major findings and conclusions of law, and affirmed the award of, the Hearing Commissioner. Defendants appealed, assigning error.

*T. H. Suddarth, Jr., and Jack E. Klass, for plaintiffs Robbins, appellees; and J. Lee Wilson and Ned A. Beeker for plaintiffs Lewis, appellees.*

*Kennedy, Covington, Lobdell & Hickman by Edgar Love III for defendants, appellants.*

BRITT, Judge.

Did the injuries and resulting deaths of Terri and Robbins arise "out of their employment" within the meaning of the

Robbins v. Nicholson

Workmen's Compensation Act? The Industrial Commission answered in the affirmative and we think the Commission's decision should be affirmed.

The two basic contentions of defendants are: (1) the Commission committed reversible error in refusing to admit testimony of a witness which, if allowed, would have indicated what Lewis' state of mind was at the time of the shooting, this testimony being an exception to the hearsay rule; and (2) that the Commission erred in finding and concluding that the injuries and resulting deaths of Terri and Robbins "arose out of" their employment.

[1] (1) Defendants argue that it was error for the Commission not to permit a friend of Lewis to testify that sometime between 22 November 1967 and 25 December 1967 Lewis told her that he thought his wife was "running around." Without going into the question of whether this testimony was admissible as an exception to the hearsay rule, it is clear that it was not reversible error to exclude it in this case. The record discloses at least two instances where others testified as to Lewis' state of mind regarding his wife's conduct. One witness, an employee at Nicholson's store, testified as to statements about "running around" made by Lewis to his wife on 1 November 1967. Another witness, Foyelle Cecil, testified that on the day of the killing Lewis visited her and stated that his wife had a lover. Testimony of Lewis' state of mind was before the Commission, and there is a well-recognized rule that the exclusion of testimony will not be held prejudicial when the party offering the evidence has the full benefit of other evidence in establishing the fact sought to be established. 1 *N.C. Index* 2d, Appeal and Error, Sec. 49, pp. 201-202. See also 88 C.J.S., Trial, Sec. 91, p. 199; 5A C.J.S., Appeal and Error, Sec. 1604, p. 89. We hold that it was not prejudicial error for the Commission to refuse to allow the testimony in question.

(2) This contention has no simple answer. G.S. 97-2 (6) provides that an injury to be compensable must be an injury caused by accident "arising out of and in the course of the employment."

[2, 3] Our Supreme Court has held that the words "out of" refer to the origin or cause of the accident, while the words "in the course of" have reference to the time, place and circum-

stances under which it occurred. *Clark v. Burton Lines,* 272 N.C. 433, 158 S.E. 2d 569 (1968) ; *Zimmerman v. Freezer Locker,* 244 N.C. 628, 94 S.E. 2d 813 (1956). Courts favor a liberal construction of the Act in favor of the claimant. *Petty v. Transport, Inc.,* 276 N.C. 417, 173 S.E. 2d 321 (1970) ; *Wilson v. Mooresville,* 222 N.C. 283, 22 S.E. 2d 907 (1942). Also, whether the injury "arose out of" the employment is to be decided on the facts of the individual case and cannot be precisely defined. *Berry v. Furniture Co.,* 232 N.C. 303, 60 S.E. 2d 97 (1950) ; *Taylor v. Wake Forest,* 228 N.C. 346, 45 S.E. 2d 387 (1947). In North Carolina there is no requirement that the injury should be foreseen if it resulted from the employment nor does the employment have to be the "sole" cause of the injury; it is sufficient if there is "some" causal connection between the employment and the injury. *Taylor v. Twin City Club,* 260 N. C. 435, 132 S.E. 2d 865 (1963). *Harless v. Flynn,* 1 N.C. App. 448, 162 S.E. 2d 47 (1968). The law is well stated in *Zimmerman* where it was said: "There must be some causal relations between the employment and the injury; but if the injury is one which, after the event, may be seen to have had its origin in the employment, it need not be shown that it is one which ought to have been foreseen or expected." (Authorities cited.)

Among other facts, the Commission found the following: Lewis became resentful and mentally disturbed with Terri on account of her working at the grocery store. In July of 1967 Lewis rented a beach cottage with the intention of his family vacationing at the cottage; however, Terri could not get off work from Nicholson's store and did not take a vacation with the family because of her work. In September 1967 Lewis thought that Terri was acting unusual. Lewis was regularly drinking intoxicants and he and Terri separated around Thanksgiving 1967. In late November 1967 a warrant was issued against Lewis for inadequate support of his children; he was thereafter convicted of the charge and required to contribute stated sums for the children. Following the separation Lewis went to Nicholson's store on several occasions and tried to get Terri to go back and live with him; he threatened to kill her and insisted that Nicholson discontinue employing Terri. Lewis resented the fact that Terri worked long hours at the store and that she worked with male employees, including Robbins. Lewis threatened to kill Robbins and Terri on more than one occasion

and also threatened to kill James Waller, another employee, but Waller stopped working at the store some two weeks before Christmas 1967.

[4] Finding of fact No. 11 which defendants assign as error is as follows:

> "The employment of Terri and Robbins at the Nicholson store was the chief origin of the matrimonial difficulties between Terri and Lewis. The employment of Terri and Robbins was the direct cause of the fatal assault upon them by Lewis. Both Terri and Robbins were in the course of their employment at the time of the injuries by accidents resulting in their death. Such injuries by accidents likewise arose out of their employment with Nicholson."

We think the findings of fact made by the Commission were amply supported by the evidence.

[5] Defendants' remaining assignments of error relate to the failure of the Commission to find certain facts that would have been favorable to defendants. While there was evidence that would have justified different findings of fact by the Commission, findings which would have supported conclusions of law favorable to the defendants, it is well settled that the finding of facts is one of the primary duties of the Industrial Commission, and the Commission is the sole fact finding agency in cases in which it has jurisdiction; it is the sole judge of the credibility of the witnesses and the weight to be given to their testimony; it may accept or reject all of the testimony of a witness; it may accept a part of the testimony of a witness and reject a part of the testimony of such witness. *Morgan v. Furniture Industries, Inc.,* 2 N.C. App. 126, 162 S.E. 2d 619 (1968). The assignments of error are overruled.

The findings of fact made by the Commission fully support its conclusions of law, and its conclusions adequately justify the award.

The opinion and award appealed from is

Affirmed.

Judge HEDRICK concurs.

Judge CAMPBELL concurs in part and dissents in part.

Judge CAMPBELL dissenting in part:

While I concur in that portion of the opinion affirming the award of the Industrial Commission to the children of Terri Lewis, I do not believe that the evidence was sufficient to sustain the findings of fact and award in favor of the wife and children of Charlie Robbins.

In order for an injury to be compensable, it must arise out of the employment, that is, have a causal connection with the employment. ". . . An injury arises out of the employment when it comes from the work the employee is to do, or out of the service he is to perform, or as a natural result of one of the risks of the employment; the injury must spring from the employment or have its origin therein. . . . There must be some causal relation between the employment and the injury . . . . " *Taylor v. Twin City Club*, 260 N.C. 435, 132 S.E. 2d 865 (1963). I do not believe that the evidence establishes such a causal relation between the death of Charlie Robbins and his employment. The evidence indicates only that Daniel Lewis was upset with Charlie Robbins because he felt that Charlie Robbins was having an affair with his wife.

I would reverse the award of the Industrial Commission to the wife and children of Charlie Robbins.