The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Shuping. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * * *
STIPULATIONS
1. Prior to hearing the parties entered into a Pre-trial Agreement, which is hereby incorporated by reference as if fully set out herein and where they agreed to a number of jurisdictional and other factual stipulations, including the attached medical records as well as other exhibits.
2. Depositions of Drs. Atassi and Tomaszek were submitted and stipulated into evidence.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 45 year-old married female who is a high school graduate and also attended cosmetology school at Sampson Community College, taking both basic and instructor's courses there. After graduating from high school she stayed home and raised her children until 1972 when she began working outside the home. Her prior job experience has included working as a spooler at a cotton mill, as a sewing machine operator at a cut and sew operation, as a convenience store clerk, as a beautician working at a beauty shop as well as operating her own shop, as a hardware store clerk, as a hog farm worker and as a long haul driver assisting her husband, who was employed in a similar capacity.
2. On April 15, 1992 she became employed as a service clerk and check-out person by defendant-employer, but subsequently resigned from its employ on July 1, 1992 when her hours were cut to ten a week. Plaintiff returned to work for defendant-employer on October 26, 1993 after being promised full-time work as a stocker in the premises stockroom where she was no longer required to deal with the public and was responsible for unloading trucks and putting out stock.
3. The merchandise delivered by truck was unloaded by means of a roller or belt system that extended into the back of each truck and on to which the boxes of freight were lifted and placed inside the truck and once they had rolled out of the truck were subsequently lifted off the roller or belt system outside the truck and placed on the floor of the premises. As part of her duly assigned ordinary employment duties as a stocker plaintiff was not only responsible for lifting heavy boxes of merchandise off the set of rollers or belt system outside the truck and place them on the floor, but frequently would actually get up in the truck itself and initially help lift and place the merchandise on the roller or belt system and did the same thing throughout her period of employment as a stocker.
4. At the time of her alleged December 19, 1992 back injury plaintiff was suffering from symptomatic degenerative disc disease in her lumbosacral spine manifested by episodic back and left leg pain, which had historically begun following an automobile accident in 1979 not only requiring her to undergo a number of diagnostic tests, including x-rays and a myelogram, to be diagnosed as suffering from sciatica and to be treated by a chiropractor and other physicians; but because of her resulting back and left leg pain she had been forced to stop truck driving assisting her husband. Plaintiff's testimony and any evidence otherwise is not accepted as credible and is contrary to the stipulated medical records and complaints to fellow employees of having a significant history of episodic back and left leg pain prior to her alleged December 19, 1992 back injury.
5. Plaintiff contends that she injured her back in December of 1992 working for defendant-employer as a stocker. Although the more credible evidence, and the undersigned so finds, is that plaintiff did not injure her back at work resulting in the disabling back condition for which compensation is claimed; but rather, the same is really nothing more than another of the symptomatic episodes of back and left leg pain she had experienced since being involved in an automobile accident in 1979 because of the significant degenerative disc disease that she had developed in her lumbosacral spine; even assuming arguendo she injured her back at work in December of 1992, for the reasons morefully hereinafter stated, the assumed injury was neither the direct result of a specific traumatic incident nor an interruption of her normal work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.
6. As part of her normal work routine as a stocker plaintiff was not only required to lift heavy boxes of merchandise; but throughout her period of employment adopted the same manner and method of doing so by either loading the same boxes of merchandise on the roller system inside the back of the trucks delivering them and/or subsequently lifting the same boxes off the roller system outside the trucks and placing them on the floor. Other than sometime between December 1 and December 24, 1992 (See her stipulated answers to defendant's Interrogatories) plaintiff does not know when her alleged back injury occurred. She contends that she strained her back lifting and unloading trucks during the normal course of her job, but cannot remember the exact date and in fact according to plaintiff's testimony there was no specific date when she was injured. All plaintiff remembers is that she could not get up one morning because her back was hurting. She did not experience a sudden onset of pain while lifting and unloading stock at work and to the extent Dr. Tomaszek recorded a history of an episode of sudden back pain this is not factually accurate and did not occur. The reason plaintiff did not tell anyone that defendant-employer that she had injured her back was because she did not realize she had been injured, all she knew was that her back and left leg were hurting, which she attributed to over straining herself, but is contrary to having sustained any type of back injury as a result of a specific traumatic incident occurring at a cognizable time at work. Further, when plaintiff was seen at Fayetteville Family Practice Center because of her back and left leg pain she never gave a history of having injured her back at work; but rather, of having experienced left leg pain since her 1979 accident. Similarly, when plaintiff was subsequently seen by Dr. Atassi upon referral of vocational rehabilitation for her back and leg pain she never gave a history of any type of specific injury occurring at a cognizable time at work; but rather, that she developed back and left leg pain in December of 1992 while working at Roses where she was continuously moving and lifting and felt that her job there had something to do with the pain as opposed to ever having sustained a specific injury occurring at a cognizable time.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Although according to the credible evidence, and the undersigned so finds, that plaintiff did not injure her back at work working for defendant-employer in December of 1992 resulting in the disabling back condition for which compensation is claimed; but rather, the same condition was merely nothing more than another of the similar symptomatic episodes of back and left leg pain she had experienced since having been involved in an automobile accident in 1979 because of the significant degenerative disc disease she had developed in her lumbosacral spine; even assuming arguendo that plaintiff's disabling back condition arose out of and in the course of her employment as a stocker, for the reasons stated in the above Findings of Fact the same injury was neither the result of an accident based on a specific traumatic incident nor an interruption of her normal work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.
Plaintiff's testimony, and other evidence, which if believed would tend to establish that she sustained a compensable back injury in December of 1992 is not accepted as credible.
Concerning the credibility of a witness in a Workers' Compensation proceeding, Judge Hedrick, speaking for the Court of Appeals Blalock vs. Roberts Company, 12 N.C. App. 499 stated:
"The Commission is the sole judge of the credibility of the witness and the weight to be given their testimony; it may accept or reject all of the testimony of a witness; it may accept a part and reject a part. Robbins vs. Nicholson, 10 N.C. App. 421,179 S.E.2d 183 (1971); Morgan vs. Furniture, Inc., 2 N.C. App. 126,162 S.E.2d 619 (1968), and Anderson vs. Motor Company, 233 N.C. 372,64 S.E.2d 265 (1951). The Commission has the duty and authority to resolve conflicts in the testimony of a witness or witnesses. If the findings made by the Commission are supported by competent evidence, they must be accepted as final truth.Rooks vs. Cement Company, 9 N.C. App. 57, 170 4th S.E.2d 324 (1970); Petty vs. Associated Transport, 4 N.C. App. 361, 167 S.E.2d (1968)."
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim must be and is hereby DENIED.
2. Each side shall bear its own costs and as part of theirs defendant's shall pay the $200.00 expert witness fees previously awarded Drs. Tomaszek and Atassi for their deposition testimony to the extent the same has not already been paid.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/ ________________________ COY M. VANCE COMMISSIONER