The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Mary Moore Hoag. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award.
* * * * * * * * * * * * *
A Pre-Trial Agreement signed by both parties is incorporated herein by reference. The parties stipulated to plaintiff's medical records which were received by the Commission on 15 March 1995. Following the hearing, the deposition of Dr. Jesse Haggerty, III, was taken by telephone on 16 March 1995 and filed with the Commission on 3 May 1995.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Defendant was a self-insured employer with Constitution State Services as the servicing agent.
4. The average weekly wage of plaintiff was $254.00.
5. A Form 22 was stipulated to by both parties.
6. The date of the alleged injury by accident was 25 March 1992.
7. Medical records of the plaintiff received on 15 March 1995 from the parties, including:
a. Tarboro Clinic (22 pp.)
b. Dr. Omatta M. Sirisena of the North Carolina Disability Determination Services (9 pp.)
c. Nash Day Hospital (17 pp.)
d. Boice Willis Clinic (14 pp.)
e. Nash General Hospital (2 pp.)
f. Heritage Hospital (12 pp.)
g. Wilson Psychological Associates (4 pp.)
h. Tarboro Women's Center (5 pp.)
i. Pitt County Memorial Hospital (3 pp.)
j. East Carolina Family Practice (33 pp.)
k. Nash Orthopaedic Associates (2 pp.)
l. Edgecombe-Nash Mental Health Center (3 pp.)
* * * * * * * * * * *
The Full Commission adopts the Findings of Fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a fifty year old woman, separated from her husband, with four children. She completed a ninth grade education. Plaintiff began to work at Sara Lee Bakery in Tarboro in 1990 as a sanitation worker. Her job was to clean certain areas of the building including the ladies locker room, bathrooms, the office, cafeteria and break room. Plaintiff worked the second shift from 3:00 p.m. until 11:00 p.m. Her supervisor was Ronnie Speller. In order to complete her job, she used water, mop, rags and brush brooms as well as a squeezing type bucket in which she dipped the mop.
2. On 25 March 1992, in the process of mopping the main lavatory area in the ladies locker room, while attempting to pull a heavy mop out of the bucket, plaintiff contended that she sustained either an interruption of her normal work routine and the introduction of unusual circumstances likely to result in unexpected consequences and/or a specific traumatic incident resulting in a compensable back injury when the mop became stuck in the bucket and she had to jerk on it in order to pull it out. Plaintiff, in trying to pull the mop from the bucket, moved her body in such a way that it twisted and when the mop got caught and she attempted to jerk it, pain ran from the middle of her back up to the neck.
3. Plaintiff's testimony and the other evidence, which if believed, would tend to establish that in the process of pulling the mop through the squeezer type bucket she sustained a compensable back injury either as a result of specific traumatic incident or interruption of her normal work routine is not accepted as credible based not only on plaintiff's demeanor but other facts.
4. Plaintiff failed to give notice to her employers. Plaintiff did not notify her supervisor Ronnie Spellman of her alleged injury on 25 March 1992. Spellman was unaware of plaintiff's alligations until August 1992. Nancy Batchelor, the plant nurse at Sara Lee, was not informed that plaintiff had incurred a work-related injury on 25 March 1992, nor did she know that plaintiff was filing a Workers' Compensation claim until August 1992.
5. Plaintiff did not report sustaining a work related injury to physicians in March, 1992 and gave inconsistent reports regarding the progress of her alleged injury. Plaintiff went to the East Carolina Family Practice Clinic on 25 March 1992, where a Physician's Assistant ("PA") examined her. The PA's notes indicate that plaintiff presented complaining of neck and back pains which had existed over a period of several months. According to the assistant's notes, plaintiff was unsure how she incurred the neck and back pain.
6. Plaintiff's doctor, Jesse Haggerty, stated that plaintiff, at her initial presentation, denied any specific traumatic incident and also denied unusual heavy or difficult repetitive tasks. Dr. Haggerty next examined plaintiff on 1 April 1992. At that time, plaintiff reported a 15% to 20% improvement and was prescribed physical therapy. At her next appointment on 28 April 1992, plaintiff indicated that she was no better than when she started and that nothing the clinic had prescribed worked to alleviate her pain. Plaintiff's statements to Dr. Haggerty were at odds with information given to other people. For example, although Dr. Haggerty remembers plaintiff telling him that she had not improved at all as of 28 April 1992, physical therapy reports indicated she reported a 90% improvement.
7. Physical examinations administered to plaintiff were discordant with plaintiff's complaints. Dr. Haggerty found plaintiff's subjective complaints out of proportion to physical findings. Despite her allegedly severe back injury, plaintiff was able to bend over until her fingers were within an inch of the floor without difficulty or complaint.
8. Although Dr. Haggerty initially excused plaintiff from all work on the basis of her subjective complaints, he released her to work without restrictions by letter sent to plaintiff by certified mail dated 26 May 1992. However, plaintiff did not return to work at Sara Lee until 8 June 1992.
9. Plaintiff applied for a leave of absence in April and was assisted in filling out an application form for the leave by the plant nurse, Ms. Batchelor. Ms. Batchelor was certain that the information on the form was elicited directly from the plaintiff. That information referenced a domestic fight occurring on 27 January 1992 as the accident or incident necessitating leave.
10. Plaintiff in fact had a history of domestic violence and spousal abuse. On 26 January 1992, plaintiff came to work at Sara Lee and was observed by Ronnie Spellman as being bruised in various places on her body and limping badly. Nancy Batchelor saw the plaintiff limping on 27 January 1992 and spoke with her, recommending that plaintiff see a doctor. At that time, plaintiff confirmed she definitely had a problem at home with spousal violence and that she did not believe she could work on that date.
11. Plaintiff was out of work subsequent to 27 January 1992, then returned to work for a few days and then was out of work again in February and March. The latter dates of absence were allegedly necessitated by abdominal pain and female problems related to plaintiff's previous hysterectomy.
12. On 27 January 1992, plaintiff presented at the Tarboro Clinic and was examined by Dr. Vick. Dr. Vick found plaintiff to be suffering from numerous contusions including one to her right mid back. His office notes indicated that plaintiff had reported difficulty between her and her husband resulting in plaintiff being thrown on the floor with her husband falling on top of her and hitting her on the left side of her head, the right mid-back, her chest and right lower leg. Plaintiff was unable to perform her normal cleaning duties at work and instead reported to the clinic.
13. In addition to plaintiff's history of marital abuse, she had been involved previously in automobile accidents and had reported to the Tarboro Clinic with back problems. There is competent evidence of record replete with both medical and lay evidence of plaintiff's prior back injuries. Plaintiff evidences poor historical recollection.
14. As far back as 23 June 1976, plaintiff was involved in a car accident and was admitted to Edgecombe General Hospital with a back strain. She was still complaining of pain in the upper left back, related to the automobile accident, as late as November 1976.
15. In 1978, plaintiff presented to Tarboro Clinic complaining on three separate occasions of pain in the upper and lower back.
16. In August 1985, plaintiff complained of neck and back pain as well as chest pains radiating to the back, making it difficult for her to lift, push, pull, reach, bend over, walk or climb stairs.
17. In October 1986, plaintiff reported to East Carolina Family Practice with a history of increasing neck pain over a four day period and indicated to physicians that she had strained hard on her job, lifting countertops.
18. In October 1989, plaintiff reported to East Carolina Family Practice with back strain due to her job from working as a cab driver.
19. As part of her application for Social Security Benefits, plaintiff was evaluated by Dr. Thorpe of the Boice-Willis Clinic for symptoms including difficulties —
20. Despite the history of numerous back complaints and injuries as revealed in her medical records, plaintiff did not report any prior back injuries or motor vehicle accidents at the hearing. Despite the fact that many of these events had taken place a number of years ago and plaintiff did not demonstrate a particularly good memory, it stretches the imagination to believe that nineteen years of back pain would not leave plaintiff with some recollection of prior injury or strain.
21. There is ample evidence to support the fact that the spousal abuse which occurred in January 1992 was the precipitating factor in plaintiff's back and neck problem also reported in March, 1992 and was so reported accurately to her physician.
22. No specific traumatic incident occurred while plaintiff was working on 25 March 1992. Plaintiff, as part of her regular work routine at Sara Lee Bakery, was required to pull, strain and squeeze the mop regularly through the mechanism in the pail e.g.
the wringer.
23. Even assuming arguendo, in the process of performing her regular cleaning job at Sara Lee, plaintiff sustained a neck and back injury, that injury was not the result of the interruption of her normal work routine, which as a cleaning worker required pulling, straining and jerking the mop through the wringer. Nor did an injury occur to plaintiff through the introduction of some new circumstances which were not a part of her work routine. Plaintiff adopted her customary manner and method of performing her work as a cleaner.
24. Plaintiff did not, either as a specific traumatic incident or the interruption of her normal work routine via the introduction of unusual conditions likely to result in unexpected consequences, sustain disabling injuries by accident arising out of and in the course of her employment at Sara Lee Bakery on 25 March 1992.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 25 March 1992, plaintiff did not either as a result of a specific traumatic incident or an interruption of her normal work routine and the introduction of unusual conditions likely to result in unexpected consequences, sustain disabling neck and back injuries arising out of and in the course of her employment. N.C. Gen. Stat. § 97-2 (6).
2. Even assuming, arguendo, that the involved neck and back injuries arose out of and in the course of plaintiff's employment, those injuries were neither the result of a specific traumatic incident occurring at a judicially cognizable time, nor a compensable accident as contemplated by the North Carolina Workers' Compensation Act. In order for an accident involving neck and back injuries to be compensable if it does not occur as a result of a specific traumatic incident, there must be an interruption of the normal work routine and the introduction of unusual conditions likely to result in unexpected consequences.Garmon v. Tridair Industries, 14 N.C. App. 574, 188 S.E.2d 523
(1972). An injury does not occur by accident if the employee at the time of the accident, as was plaintiff was in the instant case, merely carrying out her usual and customary duties in the usual way. Russell v. Pharr Yarns, Inc., 18 N.C. App. 249,196 S.E.2d 571 (1973); N.C. Gen. Stat. § 97-2 (6). The words accident and injury are not synonymous, Id. at 250.
3. Plaintiff's testimony and other evidence by witnesses and medical records, which if believed would tend to establish that the plaintiff sustained compensable neck and back injuries on 25 March 1992 either as a result of a specific traumatic incident or conventional accident, is not accepted as credible. The Commission is the sole judge of credibility of the witness and the weight to be given the testimony and may accept or reject all or part of the testimony of a witness. Robbins v. Nicholson, 10 N.C. App. 421,179 S.E.2d 183 (1971); Anderson v. Motor Company,233 N.C. 372, 64 S.E.2d 265 (1951).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commissioner affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim must be and is hereby DENIED.
2. Each side shall bear its own costs.
 S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________________ DIANNE C. SELLERS COMMISSIONER