The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Mary Hoag. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. 15 July 1994 was the date of the alleged injury.
4. Plaintiff's average weekly wage is subject to verification.
5. Companion Property and Casualty is the carrier on the risk.
6. Both plaintiff and defendants submitted a package of medical records and medical bills, which were submitted as a packet and neither, indexed or organized by the parties.
7. The issues for resolution are:
 a. Did plaintiff sustain an injury arising out of his employment with defendant-employer?
b. If so, what benefits are due plaintiff?
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff is a 41 year old, right-handed male who worked as a laborer.
2. On 15 June 1994, plaintiff was working for defendant-employer around wood and was stung by a bee. Plaintiff allegedly fell backward onto some object.
3. Plaintiff filed a Form 18 with the Industrial Commission on 24 October 1994. In the Form 18, although he noted that he fell backward as the result of a bee sting to his forehead, the only injury he alleged was an allergic reaction.
4. At the hearing, plaintiff alleged he was taken to a local physician who treated him for the bee sting and allergy. Plaintiff also alleged he sought medical treatment at that time for a cervical injury which he now claims is associated with the fall subsequent to the bee sting.
5. At the hearing, plaintiff alleged that when he was stung by the bee, he fell backwards and hit his head on some lumber. He alleged that the fall was what caused the cervical injury and caused him to walk with a limp.
6. At the hearing, plaintiff denied being taken to Margaret Pardee Memorial Hospital in Hendersonville, North Carolina during the middle of August 1994 and complaining to physicians there about upper lumbar pain associated with an altercation where after drinking a number of beers, he was pushed back over a chair and landed on his back.
7. Medical records indicate that plaintiff was treated for a bee sting at St. Joseph's Urgent Care Center on 15 July 1994 and was released to return to work to full duty on 16 July 1994. There are no complaints in the medical records relating to a fall or injury to either the upper or lower back at this time.
8. Plaintiff first presented to Dr. Cecil Durham, a neurologist with Mountain Neurological Center in Asheville, North Carolina on 20 September 1994.
9. Plaintiff told Dr. Durham that he had been stung by bees, which were swirling around. He alleged that when he was trying to get away from the bees, he fell backward into a pile of 2 X 4's. Plaintiff also complained to Dr. Durham about a second fall which occurred on 11 September 1994. At that time, plaintiff had been drinking beer and alleged he fell down some steps.
10. On 12 September 1994, plaintiff also presented to Dr. Richard Weiss of Mountain Neurological Center. During this interview, plaintiff indicated that he had been stung by a bee, jerked around quickly and hit his back on the bumper of a car and fell down.
11. Dr. Wiess examined plaintiff and found he suffered from a herniated disc at C5-6. Surgery was performed on plaintiff on 26 September 1994. Plaintiff was discharged from Dr. Weiss' care on 20 June 1995 with normal strength in his upper extremities but some weakness in lower extremities.
12. Dr. Weiss, at his deposition, reviewed medical notes from Pardee Hospital, concerning the 25 August 1994 altercation where plaintiff fell over a chair, landing on his back. Dr. Weiss had never been aware of this.
13. Although Dr. Weiss initially indicated in a letter that plaintiff's history about a bee sting and a subsequent fall, could have resulted in an injury to his cervical spine. He was questioned at the deposition and agreed that falling backwards as a result of a bee sting or by being pushed over a chair and landing on his back could have caused the cervical injury.
14. Medical records also reflect the fact that plaintiff suffered from a degenerative hip disease in the left hip and an old compression fracture in the L-4 region of the lumbar spine.
15. Plaintiff also had an old gunshot wound. The gunshot wound was self-inflicted. Although plaintiff's walking began to change after the gunshot accident, he did not associate the gait abnormality with the gunshot wound. Plaintiff told neither Dr. Durham nor Dr. Weiss that he had reported to Pardee Hospital after an altercation on 25 August 1994, and complained there for the first time of upper and lower back pain. During this time period, plaintiff also fell down some stairs at home while under the influence of alcohol.
16. Based upon plaintiff's demeanor, the inconsistencies in his testimony and his failure to inform the doctors of all the events that occurred to him, the Full Commission finds the testimony of plaintiff not credible.
17. Plaintiff did not originally complain of any injuries to his upper and lower back until subsequent to the altercation in August of 1994.
18. Plaintiff told neither doctor about his altercation and did not initially complain of back pain.
19. Plaintiff told different stories to different doctors concerning how his injury occurred. Although the bee sting was consistently related to both doctors, the nature of the fall and the type of injury that occurred were not. On the same day and within a close period of time, plaintiff told one doctor he fell on boards and another doctor that he hit his head and neck on the bumper of a car.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 15 July 1994, plaintiff did not sustain an injury by accident or otherwise, arising out of and in the course of his employment with defendant-employer, resulting in an injury to his cervical spine, but rather the complaints plaintiff experienced subsequent to 25 July 1994 were the result of an altercation in which plaintiff was drinking heavily and fell on his back. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's testimony and other evidence, which if believed would tend to establish that he sustained a compensable back injury on 15 July 1994, is not accepted as credible. Concerning the credibility of a witness in a workers' compensation proceeding, Judge Hedrick, speaking for the Court of Appeals inBlalock v. Roberts Co., 12 N.C. App. 499, stated:
 "The Commission is the sole judge of the credibility of the witness and the weight to be given their testimony; it may accept or reject all of the testimony of a witness; it may accept and reject a part." Robbins v. Nicholson, 10 N.C. App. 421, 179 S.E.2d 183 (1981). The Commission has "the duty to resolve conflicts in the testimony of witness or witnesses. If the findings made by the Commission are supported by competent evidence, they must be accepted as the final truth." Wilkes v. Cement Co., 9 N.C. App. 57, 170 S.E.2d 324 (1970). The hearing officer best judges credibility. Pollard v. Krispy Creme, 63, N.C. App. 354, 304 S.E.2d 762 (1983).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Since plaintiff did not sustain an injury by accident during and in the scope of his employment with defendant-employer, he is not entitled to workers' compensation benefits and his claim must therefore be DENIED.
2. Each side shall bear its own costs.
This the ___ day of September 1998.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________ CHRISTOPHER SCOTT COMMISSIONER
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER