The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Berger. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. A set of medical records marked as stipulated exhibit 1 was received into evidence.
3. Following the hearing, the parties submitted additional documents consisting of an October 2, 1997 letter to Dr. Brenner, an October 16, 1997 office note from Dr. Tomaszek as well as vocational records. These documents were marked as stipulated exhibit 2 and received into evidence.
4. Depositions of Dr. Robert Logel, Dr. David E. Tomaszek, Dr. Mark Brenner and chiropractor Jerome E. Fonke are received as evidence.
***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as:
 FINDINGS OF FACT
1. On June 30, 1995, plaintiff sought medical treatment from orthopedic surgeon, Dr. Ellis, for bilateral problems that she was having with her hands, fingers and wrists as well as her low back. Plaintiff reported a history of chronic low back pain and discomfort in her wrists and fingers. Dr. Ellis began a course of conservative treatment by prescribing the medication, Deloboid. On July 1, 1996, plaintiff telephoned Dr. Ellis seeking to receive authorization for a refill of Deloboid. Plaintiff reported at that time she was continuing to experience joint problems. Plaintiff was directed to schedule an appointment with Dr. Ellis, but she did not return to see him for her low back and wrist problems.
2. On September 13, 1996, plaintiff began a course of treatment with orthopedic surgeon, Dr. Logel, for bilateral knee and wrist pain. On October 11, 1996, plaintiff reported to Dr. Logel that her wrist pain was being helped by water aerobics.
3. Plaintiff claims that on January 29, 1997, she slipped in some water while at work performing her regular job duties. Plaintiff claims she immediately experienced excruciating pain in her low back and both of her wrists.
4. Despite claiming that she was experiencing excruciating pain in her low back and both of her wrists after an alleged fall on January 29, 1997, plaintiff did not seek medical treatment for her alleged work-related injuries until February 4, 1997.
5. On February 4, 1997, plaintiff sought medical treatment from Jerome E. Fonke, D.C. for her alleged work-related pain. Plaintiff reported to chiropractor Fonke that she slipped in water on a floor at work, and she injured her wrists by trying to break her fall by bracing her hands. Plaintiff specifically reported to Dr. Fonke that she had not experienced any similar or previous ill effects. She did not report to Dr. Fonke that she had been treated by Dr. Ellis for low back pain and bilateral wrist pain.
6. During a February 18, 1997 recorded statement, plaintiff was specifically asked twice as to whether she ever had an injury to her back or her wrists before the alleged January 29, 1997 work-related accident. Plaintiff willfully misrepresented her prior medical history by denying that she had ever had an injury to her back and wrists. Plaintiff was specifically asked twice as to whether she had any problems at all even if minor with any part of her back or her wrists before. Plaintiff willfully misrepresented her prior medical history when she denied that she had any prior problems with her back or wrists.
7. On February 18, 1997, plaintiff misrepresented to chiropractor Fonke that the low back pain that she had been experiencing for over two weeks was her first episode of low back pain. On April 2, 1997, she continued to misrepresent her prior history of low back pain to chiropractor Fonke when she again reported that the pain that she was experiencing in her low back was the first episode of such pain.
8. Plaintiff unsuccessfully attempted to pressure co-workers into agreeing to corroborating her claim that she fell at work.
9. In the set of interrogatory questions marked as defendant's exhibit two the defendants asked the plaintiff in "Question II" whether she had been treated for back pain prior to her alleged accident. Plaintiff continued to fail to disclose her prior history of low back pain.
10. Based upon plaintiff's misrepresentations about her prior history of low back pain and bilateral wrist pain to both her healthcare provider and the defendants, as well as the Deputy Commissioner's personal observation of the plaintiff's demeanor, the undersigned find the plaintiff's claim that she was injured at work on January 29, 1997 as not credible. Further, the undersigned specifically find plaintiff's explanation that her prior history of bilateral hand problems involved only her knuckles and not her wrists as not credible.
***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that she sustained an injury by accident on January 29, 1997. N.C. Gen. Stat. § 97-2(6).
2. The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony; it may accept or reject all or part of the testimony of a witness.Robbins v. Nicholson, 10 N.C. App. 421,179 S.E.2d 183(1971). In the instant case, the plaintiff's testimony regarding the alleged injury on January 29, 1997 is specifically rejected as not being credible evidence.
3. Defendants are entitled to an award of attorney fees in the amount of $1,000.00 because plaintiff's actions were not based upon reasonable grounds. N.C. Gen. Stat. § 97-88.1.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for compensation is HEREBY DENIED.
2. Defendants shall pay an expert witness in the amount of $215.00 to Dr. Tomaszek.
3. Plaintiff shall pay a reasonable attorney fee in the amount of $1,000.00 to defense counsel as part of the cost of this action.
4. Each side shall pay its own costs.
This the ___ day of February 1999.
 S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
DISSENTING WITHOUT A WRITTEN OPINION:
S/_____________ CHRISTOPHER SCOTT COMMISSIONER
DCS/bjp