***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Ledford. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Ledford with minor modifications.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into the parties at the hearing as:
 STIPULATIONS
1. The parties are properly before the Industrial Commission, which has jurisdiction over the parties and the subject matter.
2. At all relevant times, the Defendant-employer regularly employed three or more employees and was bound by the Workers' Compensation Act.
3. The employee-employer relationship existed between plaintiff Calvin Anderson and the defendant Jordan Tree Services on or about January 27, 2003.
4. The date of the plaintiff's alleged injury by accident is January 27, 2003.
5. On January 27, 2003, the carrier on the risk was CNA Insurance Company.
6. The following exhibits were submitted by plaintiff:
a. Plaintiff's medical records are stipulated into evidence as plaintiff's Exhibit A.
b. Industrial Commission forms, including a Form 22 wage chart were received as plaintiff's Exhibit B.
c. Additional wage information was received as plaintiff's Exhibit C1.
d. Four letters from customers of Jordan Tree Service were received as plaintiff's Exhibit E.
7. The following exhibits were submitted by defendants:
a. The Foreman Agreement was received as defendants' Exhibit 1.
b. The employer's records regarding work performed on January 27, 2003 were received as defendants' Exhibit 2.
c. The time sheet of Spencer Hubbard and Mike Leonard was received as defendants' Exhibit 3.
8. Plaintiff's recorded statement dated March 2003 is stipulated into evidence as Stipulated Exhibit No. 1.
9. Plaintiff's Responses to defendants' First Set of Interrogatories and Request for Production of Documents are stipulated into evidence as Stipulated Exhibit No. 2.
10. All of the Industrial Commission forms including the two Form 19s, one dated March 20, 2003 and one dated February 27, 2003 which was completed by Teresa Smith of the employer were received as Stipulated Exhibit No. 3.
11. The records of Village Family Care are stipulated into evidence as Stipulated Exhibit No. 4.
12. The issues to be heard are the following:
a. Whether the plaintiff sustained a compensable injury to his back via a specific traumatic incident or accident in January 2003 during his employment with the defendant-employer?
b. If so, what workers' compensation benefits is plaintiff entitled to receive?
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, the plaintiff was 45 years of age. Prior to his employment with Jordan Tree Service, plaintiff had worked in Canada at Springvale Nursery as a driver and plant technician for about a year. He had been self-employed for about four years in a tree pruning and removal service, and had worked for the public works department of the Town of Berwick, Canada for about five years.
2. Plaintiff began working for the employer Jordan Tree Service in June 2002 and due to his past experience, he was hired to work as a foreman. As a foreman for the employer, plaintiff's job duties included supervision of workers' responsibilities, planning of the job, compliance with operations guidelines, and other leadership duties. In addition, on a daily basis, he got the truck and crew ready and met with the clients. He also worked with the crews and performed tree pruning and brush and wood removal, and was responsible for clean-up. Plaintiff's crew consisted of James Leonard and Spencer Hubbard.
3. During the time plaintiff worked as a foreman, he was the subject of poor performance appraisals. Steve Wester, who scheduled work and supervised crew leaders, testified at the hearing before the Deputy Commissioner that plaintiff had attitude problems and was not a "team player." Julian Jordan, Jr. also testified at the hearing before the Deputy Commissioner that he had problems with plaintiff's performance, such as leaving a job site early or not completing work. Due to continued concerns and ongoing performance problems over a period of several months, following discussions with his supervisors, plaintiff was demoted from a foreman position and offered an hourly position in January 2003. Rather than accepting the hourly position, plaintiff voluntarily resigned from his employment. As of the date he last worked for the employer in February 2003, plaintiff had not reported any work-related injury to his back.
4. Plaintiff testified at the hearing before the Deputy Commissioner that he felt a "pop" in his back in January 2003 while lifting wood while working for the employer, and that his pain worsened on January 27, 2003, requiring him to leave work early that day and seek medical treatment. He claimed that, due to an ice storm in December 2002, his job responsibilities required him to lift unusually heavy branches and trees, and that the usual machinery used to lift heavy loads was not available. Plaintiff also testified that he had never had any back problems before January 27, 2003 and that he reported the incident to two co-workers, James Leonard and Spencer Hubbard. However, the Full Commission finds plaintiff's testimony is not supported by other evidence of record, and is not credible.
5. James Leonard and Spencer Hubbard, the members of plaintiff's crew, both testified before the Deputy Commissioner in this matter. They testified that machinery was available to lift and carry logs and other debris and that no workers were required or expected to lift heavier loads as a result of the December 2002 ice storm. Although there were a lot of fallen tree limbs to remove, there was equipment available for the heavy lifting. The employer was very busy after the ice storm, with plenty of work available, but the general nature of the work performed did not change.
6. Both James Leonard and Spencer Hubbard testified that plaintiff did not mention or report the alleged incident to them. Two other employees, Teresa Smith and Peter Jordan, testified at the hearing before the Deputy Commissioner that plaintiff did not report any injury by accident or specific incident to the employer until after he had voluntarily resigned from employment for unrelated reasons.
7. The employer's time sheets of Spencer Hubbard and James Leonard reveal that plaintiff's crew, including plaintiff himself, worked a full shift on January 27, 2003, the date plaintiff alleges he left work early due to back pain.
8. Plaintiff gave a recorded statement on March 26, 2003, in which he did not identify any specific date on which he injured his back, nor did he provide any details with respect to hearing a "pop" as described at the hearing.
9. Plaintiff was treated at Village Family Care, a primary care facility, on January 28, 2003, at which time he described a history of intermittent back pain for many months. He reported that the most recent episode was about a month before. Plaintiff was seen again at Village Family Care on February 20, 2003 and March 14, 2003. He never reported any specific incident or accident to Pam Burleson, the treating physician's assistant at Village Family Care. The Village Family Care notes of February 20, 2002 note that plaintiff had developed back pain again while he was carrying in some wood.
10. Plaintiff first presented to Dr. Leonard Nelson, an orthopedic surgeon, on March 20, 2003. At that time, plaintiff told Dr. Nelson that he attributed his back pain to a work-related injury after lifting heavy wood. This is the first mention in plaintiff's medical records of any specific work incident. During his testimony, Dr. Nelson acknowledged the inconsistency in the histories given to his office versus Village Family Care and that the same could reflect upon the truthfulness of what was reported to his office.
11. Dr. Nelson diagnosed plaintiff with underlying degenerative disc disease and small central disc herniation at L5-S1. On October 10, 2003, Dr. Nelson performed a two-level fusion on plaintiff's back, at L4-5 and L5-S1. Dr. Nelson acknowledged that if plaintiff's testimony is believed, the onset of pain while lifting a log could indicate the onset of the injury. Dr. Nelson opined that following the fusion, plaintiff retained a thirty percent permanent impairment to his lumbar spine and most likely will not be able to return to his prior work in tree pruning and removal.
12. There are inconsistencies in what plaintiff reported to his medical providers, and a specific incident is never mentioned until after plaintiff was demoted at work and then voluntarily resigned. The greater weight of the evidence fails to support plaintiff's contention that he sustained an injury by accident or specific traumatic incident to his back on or about January 2003. The plaintiff's testimony to the contrary is not credible, and is not supported by the other evidence of record.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSION OF LAW
The Industrial Commission is the sole judge of the credibility of witnesses who testify before it. In this case, plaintiff's testimony that he sustained an injury to his back as the result of a specific traumatic incident or accident in January 2003 is not credible, and therefore the greater weight of the evidence fails to support his claim. N.C. Gen. Stat. § 97-2(6); Robbins v Nicholson, 10 N.C. App. 421 (1971).
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Under the law plaintiff's claim must be and is hereby Denied.
2. Each side shall pay its own costs.
This the ___ day of December 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN
PTY:db